## BROOKS *et al.* v. HINTON STATE BANK.

No. ᴵ474.   Opinion Filed March 8, 1910.

(110 Pac. 46.)

1.   **MONEY RECEIVED—Right of Action.** An action . will lie to recover a sum certain whenever one has the money of another which he in equity and good conscience has no right to retain.

2.   **SAME—Case.** Plaintiffs' evidence disclosed that P., having a claim against a county for building a bridge, assigned, in writing, a part thereof to them, as partners, in payment of a debt due the firm; that said assignment when made was pinned to said claim; that subsequently, while in this condition, said claim was, in writing on the back thereof, assigned by P. to defendant. ʌand by it lodged in the office of the county ·clerk, where the same was filed, and by the chairman of the board of county commissioners, approved, audited, allowed, and by said board paid in full to defendant. **Held,** in a suit by plaintiffs against defendant for the amount due them under their assignment, that the court erred in sustaining a demurrer to the evidence

(Syllabus by the Court.)

*Error from District Court, Caddo County; Frank M. Bailey, Judge.*

Action by P. E. Brooks and another against the Hinton State Bank. Judgment of dismissal and plaintiffs bring error. Reversed and remanded.

*A. J. Morris,* for plaintiffs in error.

*H. W. Morgan* and *F. E. Gillette,* for defendant in error.

TURNER, J.   On December 22, 1904, P. E. Brooks and H. Flanagan, partners as Brooks & Flanagan, plaintiffs in error, sued

the Hinton State Bank, defendant in error, in the district court of Caddo county as in *assumpsit* for money had and received. After answer and reply filed there was trial to a jury. At the close of plaintiffs' testimony defendant demurred to the evidence, which was sustained, the suit dismissed and plaintiffs taxed with the costs. After motion for a new trial filed and overruled, plaintiffs bring the case here, and assign that the court erred in sustaining said motion.

There is no conflict in the testimony. It discloses that on April 18, 1904, Caddo county being indebted to C. H. Patterson for the construction of the Henley bridge, he, on that date, made out a claim against the county for the amount due him therefor and swore thereto before S. B. Gorman, township trustee; that on the same day, being indebted to plaintiffs for material furnished him in the construction of the bridge, he made out an order, which read: "Bridgeport, O. T., 4-18-1904. To the Honorable Board of County Commissioners of Caddo County, O. T.—Gentlemen: Pay to Brooks & Flanagan out of contract for what is known as Henley Bridge, section 10 and 15, amount of it to be paid Brooks & Flanagan is $165.00. C. H. Patterson"—and pinned it to said claim. In this shape it was then turned over to said township trustee, who turned it over to defendant in error, which procured an assignment written upon the body of the claim, which reads: "Bridgeport, O. T., April 20-1904. I hereby assign the within claim to the Hinton State Bank, C. H. Patterson." With both assignments on the claim it was, by the bank, then forwarded to the county clerk, filed, approved, audited, and allowed, and the following indorsements made thereon:

No. 2953. Claim of C. H. Patterson against Caddo county, Oklahoma, for bridge material. Filed 22d day of April, 1904.

Freemont Bovle, County Clerk.

Amount claimed ............................................................................................ $258.82

Amount approved 22d day of April, 1904, for building bridge.... $258.82

Audited and allowed on R. & B. fund this 22d day of April, 1904.

C. W. Ludwick, Chairman.

While in the office of the county clerk the assignment by Patterson to Brooks & Flanagan of their part of the claim became de-

tached and lost, and a controversy arose as to whom and in what amounts the claim should be paid. In passing on the matter the board of county commissioners made the following order:

"There seeming to be a controversy over claim 2953 allowed to C. H. Patterson, different parties claiming to have an assignment of said claim, the clerk is hereby directed to draw one warrant for $194.12, and one warrant for $64.70, the two warrants to cover claim 2953; and he is further directed to hold said warrant awaiting the further direction of the board."

Later, the attorney for defendant called for and received the warrant for $194.12, the amount of plaintiffs' claim, concerning which there appears this entry:

"Paid by warrant No. 193, claim 2953, $194.12, issued July 29, 1904, Series C, in favor of C. H. Patterson. For what purpose: Building bridge. Received this order the 6th day of August, 1904. Carl Glitsch, Attorney."

Plaintiffs sue to recover the $194.12 paid by the treasurer to defendant on the warrant. We think they are entitled to recover, and that the court erred in sustaining the demurrer to the evidence.

We gather from the briefs that the trial court predicated its action on the ground that the evidence failed to disclose any privity of contract on which to found the action. We think there is sufficient privity. This is established when the evidence discloses that one person has another's money which he in equity and good conscience has no right to keep. In such a case there arises an implication of law that he will pay it over. This was so held by this court in *Allsman v. Oklahoma City*, 21 Okla. 142, 95 Pac. 468, 16 L. R. A. (N. S.) 511, where the second section of the syllabus reads:

"An action will lie to recover a sum certain whenever one has the money of another which he in equity and good conscience has no right to retain."

The doctrine is thus broadly stated by the Supreme Court of the United States in *Myra Clark Gaines v. Charles Miller, Adm'r,* 111 U. S. 395, 4 Sup. Ct. 426, 28 L. Ed. 466, where the court said:

"Whenever one person has in his hands money equitably be-

longing to another, that other person may recover it by *assumpsit* for money had and received. *Pickard v. Banks,* 13 East, 20; *Spratt v. Hobhouse,* 4 Bing. 173; *Israel v. Douglass,* 1 H. Bl. 239; *Beardsley v. Root,* 11 Johns. [N. Y.] 406; *Hall v. Marston,* 17 Mass. 575; *Claflin v. Godfrey,* 21 Pick. [Mass.] 1."

*Sebastian Brand et al. v. James W. Williams,* 39 Minn. 238, 13 N. W. 42, was a suit in *assumpsit* for money had and received. The facts set forth in the complaint in substance were that the sheriff of Lyon county held in his possession a stock of goods belonging to Robinson & Mass under certain levies of executions against them, in favor of certain creditors, including plaintiffs; three of said executions, amounting to some $2,000, were prior to plaintiffs', which was next, and amounted to over $1,000; that under these executions the sheriff sold the goods for $4,000 in cash, sufficient to cover costs and fees, and to satisfy all said executions; that defendant knowing plaintiffs to be entitled to satisfaction out of said sum induced the sheriff to turn over to him all of the proceeds of said sale left after payment of the first execution, and refused to pay plaintiffs their share thereof on demand. The court gave judgment for defendant on the pleadings. Held error, and the case reversed. The Supreme Court in passing, in effect, held, and declared the proposition elementary, that an action in *assumpsit* for money had and received would lie whenever one man has received or obtained the possession of the money of another, which he ought in equity and good conscience to pay over; that there need be no privity between the parties or any promise to pay other than that which results or may be implied from one man's having another's money which he has no right in conscience to retain; that when the fact is proved that he has the money, if he can show no legal or equitable ground for retaining it, the law implies the privity and the promise.

*Zwang Brewing Co. v. Bernheim,* 7 Colo. App. 528, 44 Pac. 380, was a suit by Bernheim Bros. against the brewing company to compel them to pay over money had and received for plaintiff's use. They and Uri were judgment creditors of Hermon Eli, as were also Oppenheimer Bros. and Rabb Bros. Executions issued

on all said judgments and money collected sufficient to satisfy the Oppenheimer judgment in full and the Rabb judgment in part, leaving a balance which was, according to appellee's contention, properly applicable to the payment of their judgment. This money was in the hands of the sheriff who failed to apply it to appellee's claim, but turned it over to a constable who held an execution in favor of the Zwang Brewing Company, and said company applied it in satisfaction of their claim. Appellee contended that the brewing company was not entitled to hold it, and sued for its recovery. There was judgment for appellee. The brewing company appealed. The judgment of the lower court was affirmed. The Supreme Court in passing recognized the well-established doctrine above set forth and said:

"The rule in these cases is very broad, and is ample to include an action by the Berheim Bros. against the brewing company and compel them to pay over this fund which they have wrongfully received and applied to the discharge of their debt"— citing *Brand v. Williams,* 29 Minn. 238, 13 N. W. 42; *Haebler v. Meyer et al.,* 132 N. Y. 363, 30 N. E. 963, 15 L. R. A. 588, 28 Am. St. Rep. 589; *Clark et al. v. Pinney,* 6 Cow. (N. Y.) 297.

In *Bates-Farley Savings Bank v. Dismukes,* 107 Ga. 212, 33 S. E. 175, the petition alleged Dismukes and certain other persons therein named to be the respective owners of certain certificates issued by a certain loan association, representing their stock therein. On each of said stock certificates was printed the contract between the association and its stockholders, in substance, that the certificate might at any time after one year and before two years be returned and the member entitled to receive for each share the money paid into the loan fund; that at any time after two years and before maturity the member would be entitled to withdraw his stock and receive the amount paid into the loan fund and not less than 6 per cent. interest for the average time—withdrawal of shares to be on 60 days' notice to the association; that each of said stockholders desiring to receive the withdrawal value of his stock, indorsed or transferred the certificate representing the same to the said association "for withdrawal." Subsequently, plaintiff in er-

ror bank obtained possession of said certificate from said association, some of them being transfererd to it in writing. Upon each said bank collected from said association the withdrawal value of said stock, which the certificate represented, returning the certificate with its own indorsement in blank thereon to the association which thereupon marked the certificate "withdrawn." Subsequently Dismukes became the owner by proper assignment of the separate rights of the other stockholders under their respective certificates and their respective rights against the bank and brought suit against it for money had and received. A demurrer to the petition was overruled, and the bank·appealed. The Supreme Court affirmed the judgment of the trial court, and on the subject of privity quoted approvingly from Nesbitt, J., in *Culbreath v. Culbreath*, 7 Ga. 68, 50 Am. Dec. 375, where he said: "It is not founded upon the idea of a contract." And from Lord Mansfield in *Moses v. McFarland*, 2 Burr, 1005, where he said:

"If the defendant be under an obligation, from the ties of natural justice, to refund, the law implies a debt and gives this action, founded in the equity of the plaintiff's case, as if it were upon contract."

See, also, *Dorsey v. Williams*, 48 Ill. App. 386; *City of Calais v. Whidden*, 64 Me. 249; *Richardson v. Muffit-West Drug Co.*, 92 Mo. App. 515, 69 S. W. 398; *Jacob Tamm v. Sandford R. Kellogg*, 49 Mo. 118; 27 Cyc. 857. The great weight of authority supports this doctrine, although there are some cases which seem to hold that where of two claimants for the same money, one of them is recognized as being entitled to receive it by the person from whom it is due, and is paid, the other cannot sue him to recover the money. The cases so holding fail to recognize any privity on which to found the action. In so far as they conflict with our holding in this case, we refuse to follow them.

For the error complained of, the judgment of the lower court is reversed, and the cause is remanded for a new trial.

All the Justices concur.