## WATKINS v. YELL, Treasurer of Carter County.

No. 7776—Opinion Filed Nov. 19, 1918.

(176 Pac. 390.)

### 1. Pleading—General Demurrer—Good and Bad Counts.

Where a petition states several causes of action in several counts, if any of the counts in the petition state facts sufficient to con-

stitute a cause of action, though such facts may not entitle the plaintiff to the entire relief prayed for, a general demurrer to such petition should not be sustained.

**2. Taxation — Injunction — Petition—General Demurrer.**

A petition in several counts prayed an injunction restraining a county treasurer from selling for taxes and issuing tax deeds to several tracts of land owned by the plaintiff. It was alleged that plaintiff had paid to the county treasurer one-half of the taxes levied upon two of the tracts of land involved in the action for the year 1912 prior to the time said taxes were due and delinquent; that the treasurer accepted such payment, but refused to issue a tax receipt therefor and to enter payment upon the tax rolls; that plaintiff had tendered to said county treasurer the last half of the taxes upon said lands for said year, prior to the time said taxes were due and delinquent, but that said treasurer refused such tender, and returned the plaintiff the money tendered, and refused to issue a tax receipt therefor and to enter payment upon the tax rolls, and that said treasurer threatens to sell said lands for the taxes levied for said year. Held, that the petition stated facts entitling plaintiff to relief by injunction, and that the sustaining of a general demurrer to said petition was reversible error.

(Syllabus by Rummons, C.)

Error from District Court, Carter County; W. F. Freeman, Judge.

Action for injunction by F. E. Watkins against John J. Yell, treasurer of Carter county, Okla. From an order sustaining defendant's demurrer to the petition, plaintiff brings error. Reversed.

W. Y. Dilley, for plaintiff in error.

A. J. Hardy and J. A. Bass, for defendant in error.

Opinion by RUMMONS, C. Plaintiff commenced this action against the defendant as treasurer of Carter county, Okla., to enjoin and restrain said defendant from selling for taxes and issuing tax deeds to certain lands owned by plaintiff for taxes assessed and levied for the years 1908 to 1913, inclusive. The petition sets up 11 causes of action, complaining of the assessing and levying of taxes for the years 1908 to 1913, inclusive, upon three separate tracts of land in Carter county. It is alleged that said tracts of land were the allotments of full-blood Mississippi Choctaws, and that the title of the allottees and their full-blood heirs was not finally extinguished until June 9, 1913, and it is alleged that the lands were not subject to taxation until that date. It is further alleged in the petition, in two counts thereof,

as to two of the tracts of land, that the plaintiff on November 29, 1912, before the taxes assessed and levied for the year 1912 became due and delinquent, remitted to the treasurer of Carter county the first half of the taxes assessed and levied upon said tracts of land for the year 1912; that the said treasurer retained and held the remittance of plaintiff, but refused, and has at all times refused, to issue a tax for the said payment; that the plaintiff on June 7, 1913, prior to the date when such taxes would become delinquent, remitted to the treasurer of Carter county, Okla., the second half of the 1912 taxes upon said two tracts of land, but that the said treasurer refused to accept said payment, and returned the same to plaintiff; that although plaintiff has offered and tendered the amount of taxes levied upon said tracts of land for the year 1912, and the first half thereof has been retained by the treasurer, yet the defendant, as such treasurer, has failed and refused, and does now refuse, to enter the payment of said taxes upon the tax rolls in his office, and threatens to sell the said tracts of land for alleged nonpayment of taxes for the year 1912. Petitioner further tenders into court the balance of the taxes for said year 1912, being the amount refused by the defendant and returned to plaintiff. To this petition defendant filed a general demurrer, which was sustained by the court. The plaintiff excepted, and brings this proceeding in error to reverse the action of the trial court.

It is contended by the plaintiff that these lands were not taxable for the years 1908 to 1913, inclusive, because they constituted the allotments of full-blood members of the Choctaw Tribe, and that he had no adequate remedy at law. It is contended on behalf of defendant that the provisions of section 7354, R. L. 1910, empowering the board of county commissioners to issue a certificate of error where property, whether real or personal, had been assessed for taxes for a year to which the same was not subject, provide an adequate and speedy remedy at law for the injury complained of by plaintiff. The determination of the questions, however, is not necessary to a decision of this case.

The law is well settled in this state that where a petition states a cause of action, even though the facts stated may not entitle the plaintiff to the entire relief prayed for, a general demurrer thereto should not be sustained. In the instant case the plaintiff alleges that as to two of the tracts of land involved in the petition, he paid one-half of the taxes levied for the year 1912, and tendered to the treasurer the other half there-

of within the time provided by law for the payment of taxes, but that the treasurer failed and refused to issue a receipt for the half paid and accepted, and refused to accept the tender of the last half, and refused to enter payment upon the tax rolls, and threatens to sell the said lands for taxes for said year unless restrained. In this the petition stated facts entitling the plaintiff to relief by injunction. The trial court therefore erred in sustaining the demurrer to the petition of plaintiff.

The judgment should be reversed and this cause remanded, with directions to the trial court to overrule the demurrer to the petition.

By the Court: It is so ordered.