CLEVELAND NAT. BANK v. BOARD OF EDUCATION OF CITY OF CLEVELAND.

No. 8774—Opinion Filed March 11, 1919.

(179 Pac. 464.)

(Syllabus.)

1. Municipal Corporations — Invalid Warrants—Remedy.

An action for money had and received may be maintained by one who has advanced money to a municipal corporation, which has been used by it for legitimate corporate purposes, or which is held by it, although the warrant by means of which the money was obtained was invalid.

2. Pleading—Petition—General Demurrer.

A petition in on action for money had and received, which alleges payment of a certain sum to the officers of a municipality, that said sum was appropriated and used by the municipality in the payment of its obligations, and refusal to pay plaintiff after demand, is not subject to general demurrer for the failure to allege what specific use was made of the money.

Error from District Court, Pawnee County; Conn Linn, Judge.

Action by the Cleveland National Bank against the Board of Education of the City of Cleveland, State of Oklahoma. General demurrer to petition sustained, and plaintiff brings error. Reversed and remanded, with direction to overrule the demurrer.

Wm. Blake and Blake & Sneed, for plaintiff in error.

Poe, Hindman & Lundy, for defendant in error.

OWEN, J. This action was brought by the bank for money had and received by the board of education. The petition alleges the money was advanced to the board of education on a warrant issued by the board to its treasurer, and indorsed to the bank, and that the money was appropriated by the board and used in the payment of its obligations. It is conceded the warrant was not drawn in the method prescribed by the statute, and the action was not on the warrant, but one for money had and received. A general demurrer was sustained to the petition, and in support of the judgment it is urged that the petition does not state a cause of action, for the reason that it does not allege for what specific purpose the money was used, or that it was used in the payment of the legal obligations of the board of education.

The rule is well settled that the measure of liability of a municipal corporation in such actions is the money actually held by the corporation or applied to lawful municipal uses. The obligation rests upon the broad principles of common honesty which will not permit the corporation to retain the money or the benefit of the money lawfully applied to its use, merely because the warrant used as the means of procuring the money was not valid. In other words, the liability exists not because the money was advanced on a warrant, or because the officers of the municipality had obtained the money and promised to pay, but because it was the money of the plaintiff used by the corporation for legitimate corporate purposes; and the question in such an action is not what the claimant parted with to the officers of the municipality, who were not authorized to procure the money by the method used, or what the officers had promised plaintiff, but how much had the municipality been benefited. If the money was not applied to the proper use of the municipality, there can be no recovery. On the other hand, if the money was used for lawful purposes of the municipality, or still held by the municipality, then liability exists, and recovery may be had. Helm v. Mickleson, 66 Okla. 290,

170 Pac. 704; Anderson v. Anderson, 65 Okla. 149, 165 Pac. 150; Joiner v. Ardmore L. & Tr. Co., 33 Okla. 266, 124 Pac. 1073; Brooks v. Hinton St. Bank, 26 Okla. 56, 110 Pac. 46, 30 L. R. A. (N. S.) 807; Allsman v. Okla. City, 21 Okla. 142, 95 Pac. 468, 16 L. R. A. (N. S.) 511, 17 Ann. Cas. 184; Gaines v. Miller, 111 U. S. 395, 4 Sup. Ct. 426, 28 L. Ed. 466; 1 Dill. Mun. Corp. §§ 126, 460, 461; Marsh v. Fulton Co., 77 U. S. (10 Wall.) 676, 19 L. Ed. 1040; Chapman v. Douglas Co. Com'r, 107 U. S. 348, 2 Sup. Ct. 62, 27 L. Ed. 378; Luther v. Wheeler, 73 S. C. 83, 52 S. E. 874, 4 L. R. A. (N. S.) 746, 6 Ann. Cas. 754.

Under the provisions of our statute (section 4766, Rev. Laws 1910), in construing any pleading for the purpose of determining its effect, its allegations must be liberally construed with a view to substantial justice between the parties. And in an action for money had and received the general rule is that a petition alleging defendant is indebted for a certain sum for money duly paid defendant, and unlawfully withheld from plaintiff after demand, states no cause of action. Richardson v. Moffitt-West Dr. Co., 92 Mo. App. 515, 69 S. W. 398; 27 Cyc. pp. 877, 878.

At common law the declaration was sufficient containing the allegation that defendant was indebted to plaintiff in a certain sum of money received by defendant and the promise to pay. Under the code practice it has been held that no promise need be alleged, the liability existing, if in equity and good conscience the money should be paid. Tamm v. Kellogg, 49 Mo. 118; Mumford v. Wright, 12 Colo. App. 214, 55 Pac. 744; Thompson v. Town of Elton, 109 Wis. 589, 85 N. W. 425.

The petition was good against a general demurrer.

The judgment is reversed, and the cause remanded, with directions to overrule the demurrer.

All the Justices concur.