## In re ESTATE OF HIBDON.

No. 9515.   Opinion Filed Feb. 3, 1920.

Rehearing Denied March 9, 1920.

(Syllabus by the Court.)

1. **Indians — Administration of Deceased Minor's Estate—Jurisdiction of County Court.**

Under the act of Congress approved April 28, 1904, and the decisions of this court subsequently rendered, it is held, that the appointment of an administrator over the estate of a deceased minor Choctaw Indian of one-sixteenth blood, who died intestate, and the allowance of claims against the estate of the deceased by such administrator and the approval thereof by the county court having jurisdiction over said estate, are proceedings within the grant of power conferred by said act of Congress on said courts.

2. **Appeal and Error—Findings—Misapplication of Law—Reversal.**

Where the trial court makes findings of facts and the correctness thereof is not challenged and the trial court misapplies the law, the cause will be reversed.

3. **Executors and Administrators—Rights of Creditors—Dismissal.**

Record examined, and held, that the order of the trial court dismissing the proceedings in the instant case was erroneous. The

judgment is reversed, and the cause remanded with directions.

Error from District Court, Garvin County; F B. Swank, Judge.

Administration proceedings in re estate of Hobert V. Hibdon, deceased. On motion of J. W. Porter and another, the county court revoked letters of R. V. Humphrey, administrator, and dismissed the proceedings. From judgment of district court affirming the county court's judgment, the administrator brings error. Reversed and remanded, with directions.

O. W. Patchell and Ben Franklin, for plaintiff in error.

Blanton & Andrews, for defendants in error.

JOHNSON, J. This is a proceeding in probate, and it was originally commenced in the county court of Garvin county, wherein on October 5, 1916, R. W. Humphrey, duly qualified as administrator of the estate of Hobert V. Hibdon, deceased; and thereafter on October 24, 1916, J. W. Porter and S. C. Newbern filed a motion in said cause, praying that the letters of administration issued therein to said administrator be revoked and said administration proceedings dismissed. At a hearing had upon said motion the same was, on December 30, 1916, sustained by said county court, and the court entered an order revoking said letters and dismissed said proceedings, from which order the administrator appealed to the district court of Garvin county, wherein a trial de novo was had on April 19, 1917, and at the conclusion thereof the court made separate findings of fact and conclusions of law and rendered judgment affirming the judgment of the county court, and to reverse the latter judgment this proceeding in error was regularly commenced. The findings of fact of the district court are as follows:

"First. That Hobert V. Hibdon was a duly enrolled member of the Choctaw Nation of Indians of one-sixteenth blood and received an allotment as such of the Choctaw and Chickasaw lands, and which lands lie partly in Garvin and partly in McClain counties, state of Oklahoma, consisting of an area of 230 acres, part of which is in cultivation.

"Second. That said Hobert V. Hibdon died on the 27th day of February, 1916, at the age of 12 years while a resident of said Garvin county, Oklahoma, intestate and unmarried, and left as the sole heirs of his said allotted lands his father and mother, Henry C. Hibdon and Emma Lively Hibdon; that shortly after said death, the said father and mother conveyed said lands to the movants herein, J. W. Porter and S. C. Newbern, and they immediately entered upon and took possession of said lands and have since held the same.

"Third. That for five years prior to his death the said Hobert V. Hibdon had been under the guardianship of one K. C. Parks, appointed by the county court of McClain county, Oklahoma, and that during said guardianship certain indebtedness amounting to about $400 had been incurred by said guardian for the support, education, and maintenance of said ward and for medical treatment by said guardian under the orders of said county court of McClain county, and which indebtedness remains unpaid, and claims for some of which indebtedness had been presented to said R. W. Humphrey and allowed by him as such administrator and filed with the county court of Garvin county, before the letters of said R. W. Humphrey were revoked herein by said county court of Garvin county.

"Fourth. That the claim of said creditor, O. W. Patchell, is and for the amount allowed to one Henry C. Hibdon by the county court of McClain county, on _____ day of September, 1913, in the guardianship of K. C. Parks over said Hobert V. Hibdon, for improvements made on the lands of said Hobert V. Hibdon in the year 1911, and which claim is for the sum of $91.20, and was assigned by said Henry C. Hibdon to said O. W. Patchell.

"That the claim of Sister Superior of St. Agnes Indian Academy of Antlers, Oklahoma, is for school tuition and board of said Hobert V. Hibdon, while attending said academy as a pupil during the session of 1915-1916 prior to his death, and is for the sum of $50, and said Hobert V. Hibdon was placed in said academy by his said guardian, K. C. Parks, under the order of said county court of McClain county.

"That the claim of said creditor, Dr. J. D. McMillian, is for medical service and treatment rendered to said Hobert V. Hibdon in the month of February, 1916, and during his last illness, and is for the sum of $50.

"That the claim of the creditor, St. Joseph's Infirmary, is for infirmary services, medicine, surgical dressing, and special nurse rendered and furnished to said Hobert V. Hibdon in the month of February, 1916, and during his last illness, and is for the sum of $51.45.

"That the claim of Rodgers-Wade Furniture Company is for a burial casket, box, embalmment of body, and care and transfer of the body of said Hobert V. Hibdon after his death, and is for the sum of $90.

"Fifth. And the court further finds that said R. W. Humphrey was regularly appointed and became duly qualified as admin-

istrator of the said estate on the 5th day of October, 1916, and thereafter caused notice to the creditors of said estate to be published in the Pauls Valley Democrat, a weekly newspaper published at Pauls Valley, in said Garvin county, the first publication of which notice appeared in said newspaper in the issue thereof dated October 12, 1916.

"Sixth. That after said Humphrey qualified as such administrator the claims of the said creditors hereinbefore named were duly presented to him, allowed, and filed with said county court of Garvin county for its approval.

"Seventh. That on the 24th day of October, 1916, the said J. W. Porter and S. C. Newbern filed in said county court of Garvin county their motion in substance, alleging themselves to be the owners of the lands left by said Hobert V. Hibdon by proper conveyance from said father and mother, and that said lands comprise the entire assets of said estate, and that same were not liable for any of the debts then filed or existing against said estate, that said administration proceedings, constituted a cloud upon the title of said lands, and also said proceedings were useless and unnecessary; and prayed the court that said letters of said administrator be revoked and said administration be dismissed.

"Eighth. That said motion of said Porter and Newbern was heard by the county court of Garvin county, Oklahoma, the 30th day of December, 1916, and said county court found the facts as alleged in said motion and therefore sustained the same and revoked the said letters of administration, and dismissed said administration proceedings, but an appeal from said order was duly taken to this court by said administrator and creditors.

"Ninth. And the court further finds that said lands so allotted to said decedent comprise the entire assets of his estate.

"Tenth. The court finds that the $60 note testified by the witness K. C. Parks, was given for the rent of said land for the said year 1916."

These findings of fact are not challenged; therefore, it will only be necessary to consider the second assignment of error of the plaintiff in error, which is as follows:

2. "That the district court erred in decreeing that the order of the county court appealed from should be affirmed, and that the letters of administration theretofore issued to said R. W. Humphrey over said estate should be revoked and said administration proceedings dismissed."

The trial court's fifth and sixth findings are:

"Fifth. That the court further finds that said R. W. Humphrey was regularly appointed and became duly qualified as administrator of the said estate on the 5th day of October, 1916, and thereafter caused notice to the creditors of said estate to be published in the Pauls Valley Democrat, a weekly newspaper published at Pauls Valley, in said Garvin county, the first publication of which notice appeared in said newspaper in the issue thereof dated October 12, 1916."

"Sixth. That after said Humphrey qualified as such administrator the claims of said creditors hereinbefore named were duly presented to him, allowed, and filed with said county court of Garvin county, for its approval."

Counsel for plaintiff in error make what seems to us a pertinent suggestion in their brief, which is:

"It has seemed to us from the commencement of this proceeding that Porter and Newbern were 'too previous.' They cried out before they were struck. It would have been more regular to have interposed their objections when the administrator attempted to procure an order for sale of the lands after the claims of the creditors were allowed and established. We still think that that would have been their proper course."

A creditor of an estate has the right to have an administrator appointed for such estate and to present his claim against the estate for allowance, regardless of whether or not the property of the deceased is liable for the payment of his claim; whether or not the land in question was subject to the claim against the estate and could be sold in payment therefor could only be heard and determined upon a petition to sell the lands for that purpose, and should the county court grant or refuse authority to sell the land for that purpose, then from such judgment of the county court an appeal could be taken.

The proceedings being regular in the county court, as found by the trial court, up to the time of filing the motion of the parties aforesaid to dismiss, whether such proceedings cast a cloud upon the title of the movants to the land is a question over which the county court had no jurisdiction, and the trial court erred in sustaining the motion. The judgment is reversed, and the cause remanded, with directions to overrule the motion discharging the administrator and dismissing the proceedings.

OWEN, C. J., and KANE, RAINEY, PITCHFORD, HIGGINS, BAILEY, and McNEILL, JJ., concur.