Note.—See under (1) 40 Cyc p. 1345 (1926 Anno); (2) 40 Cyc p. 1283; (3) 40 Cyc p. 1004; (4) 40 Cyc p. 1144; (5) 40 Cyc p. 1358.

---

## FIRST NAT. BANK OF DUNCAN v. WORRELL.

No. 13598—Opinion Filed Sept. 30, 1924.

Rehearing Denied Feb. 24, 1925.

1. **Money Received—Sufficiency of Petition —Action Against Bank for Balance of Collection.**

A petition which, in substance and effect, alleges that there was placed in a defendant bank for collection, a draft for $11,000 drawn in plaintiff's favor, and such draft was collected by the bank, and the sum of $8,000 only was placed to plaintiff's credit in the bank, and upon demand made by plaintiff

the defendant bank failed and refused to account to plaintiff for the balance of $3,000, states a cause of action in plaintiff's favor against the defendant bank for $3,000 for money had and received, and is sufficient as against a general demurrer.

**2. Same—Directing Verdict for Plaintiff.**

Where plaintiff's petition alleges a cause of action against a defendant bank for the sum of $3,000 for money had and received, and the undisputed evidence shows that there was placed in the defendant bank for collection a draft drawn in plaintiff's favor for the sum of $11,000, and the same was collected in full and the bank placed $8,000 of proceeds of the draft to the plaintiff's credit and failed and refused to account for the additional $3,000 upon demand, there is no issue for the jury, and a directed verdict for plaintiff against the defendant bank is not error.

**3. Same—Defense — Agency of Third Party to Direct Disposition of Money—Burden of Proof.**

Where the defendant relied upon directions given by a third party to pay out and distribute the plaintiff's money, the burden is upon the defendant to show that such third party had authority to give the direction; and where the sole and only evidence offered to establish the agency of such third person went to the effect of tending to show that such third person was plaintiff's agent to sell an oil and gas lease upon plaintiff's land for a commission of $300, and that the lease was sold and such commission paid, there is an entire failure in the evidence to show that such third person was the plaintiff's agent to direct about the paying out and distributing of plaintiff's money which was the proceeds of the sale of his oil and gas lease, and there is no issue upon the question of agency to submit to the jury.

**4. Judgment Sustained.**

Record examined, and held, that there was no conflict in the evidence requiring the submission of the same to the jury; and held, that it was not error to direct a verdict for the plaintiff; and that the judgment should be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Stephens County; Cham Jones, Judge.

Action by C. C. Worrell against the First National Bank of Duncan, P. R. Burr, C. S. Bollong, J. R. Prentice, R. K. Wooten, and E. E. Brown for money had and received. Judgment for plaintiff against First National Bank of Duncan, P. R. Burr, and C. S. Brown. The First National Bank of Duncan appeals. Affirmed.

Womack, Brown & Cund, H. Grady Ross,

and Wilson, Tomerlin & Threlkeld, for plaintiff in error.

Koerner, Fahey & Young, for defendant in error.

Opinion by SHACKELFORD, C. The plaintiff in error, First National Bank of Duncan, will be referred to as defendant, and C. C. Worrell, defendant in error, will be referred to as plaintiff, as they appeared in the trial court.

The plaintiff commenced this action against the defendant bank and other defendants in the district court of Stephens county, by filing his petition therein on the 27th of January, 1921. It is alleged, in substance and effect, in the plaintiff's petition that on or about the 15th of July, 1920, the plaintiff was the owner of a certain tract of land in Stephens county on which he desired to sell an oil and gas lease, that he employed Burr & Bollong as his agents to make the sale, listing the lease at $12,000, and agreed to pay $300 commission for the sale, that his said agents represented that they had negotiated with the Roxanna Petroleum Corporation concerning the lease, and that the company would pay $8,000 therefor and no more, and plaintiff, relying upon such representations, agreed to sell for that price and executed a lease to said company and drew a draft upon the company for $8,000, the purchase price, and paid his said agents by check the sum of $300, the lease and draft being deposited in the defendant bank; that the representations made were false and fraudulent; that his said agents and officers of the bank represented to the Roxanna Petroleum Corporation that the plaintiff had left the lease in the defendant bank with the understanding that he receive $11,000 as the purchase price therefor, otherwise the lease should not be delivered; that the agent of the said petroleum corporation took up the lease and drew a draft on his company for $11,000 in favor of the plaintiff and the said amount was paid into the defendant bank; that the officers of the bank destroyed or concealed the draft for the $8,000, and when the $11,000 was paid on the draft for that amount the defendant bank credited plaintiff's account with the sum of $8,000; and that no other or further amount was ever paid to plaintiff. Plaintiff alleged demand upon the defendant bank for the $3,000 and refusal of payment, and prays judgment against the defendants in the sum of $3,000, with interest thereon from and after the 26th day of January, 1921, the date on which the demand was made.

The defendants filed general demurrers which were overruled. Thereafter the de-

fendant bank and its officers, as parties defendant, filed a general denial by way of answer to the plaintiff's petition. P. R. Burr filed a separate general denial as his answer, and C. S. Bollong filed answer denying any connection with the matter of handling the lease, and alleged that he and P. R. Burr had dissolved their business long before the lease transaction was had.

The cause came on for trial on the 23rd of January, 1922, and a jury was empaneled and the evidence submitted. Upon the announcement of rest by the respective parties, and upon motion made by the plaintiff, the court took the cause from the consideration of the jury and directed a verdict for plaintiff against the defendants P. R. Burr and C. S. Bollong and the defendant First National Bank of Duncan, in the sum of $3,000, with interest at six per cent. per annum from and after the 26th day of January, 1921, on which said directed verdict a joint and several judgment was entered in favor of plaintiff and against the defendants P. R. Burr, C. S. Bollong and the First National Bank of Duncan, in accordance with the verdict. The finding and judgment of the court was in favor of the other defendants named.

From the judgment rendered against the defendant bank it prosecutes appeal, and the cause is here regularly for review. The defendant bank assigns several errors which it argues in its brief. The assignments will be considered under two propositions; (1) Alleged error of the court in overruling defendant's demurrer to plaintiff's petition; and (2) alleged error of the court in directing a verdict in favor of the plaintiff and against the defendant.

The petition of plaintiff is rather lengthy and it will serve no useful purpose to set it out in full in this opinion. As between the plaintiff and the defendant bank, the petition, in effect, charges that the bank collected a draft drawn in favor of the plaintiff in the sum of $11,000 as the purchase price of an oil and gas lease on the plaintiff's land; that upon receipt of the money the bank gave the plaintiff credit for the sum of $8,000, and wrongfully withheld and refused to account to plaintiff for the remaining $3,000 upon demand made. We think the petition was good as against general demurrer. It sufficiently stated a cause of action against the bank for the $3,000. The lease was placed in the defendant bank awaiting acceptance by the oil corporation. The corporation accepted the lease executed by plaintiff and the agent drew a draft on the company in favor of the plaintiff for $11,000 and the draft was paid by the company placing that amount in the bank. The transaction created a contractual relation between the plaintiff and the defendant bank, and it was under the obligation to account to him for all the money so collected. We think the allegations of the petition were sufficient as a suit for money had and received. Cleveland National Bank v. Board of Education, 72 Okla. 144, 179 Pac. 464; Watkins v. Yell, 73 Okla. 297, 176 Pac. 390.

2. Having reached the conclusion that the petition was sufficient, does the evidence in the case warrant the trial judge in directing a verdict in favor of the plaintiff and against the defendant bank?

The evidence in the case tended to establish that on or about July, 1920, the plaintiff was the owner of a certain tract of land on which he desired to sell an oil and gas lease; and on about the 15th of July, 1920, he employed Burr & Bollong as brokers to handle the lease, and agreed to pay them a commission of $300 for their services; that plaintiff wanted $12,000 for the lease, but the agents represented that $8,000 was all that could be obtained, and plaintiff agreed to take that amount if no more could be secured. That on about July 26, 1920, plaintiff and one of his brokers went into the defendant bank's place of business and showed the lease to Mr. Prentice, vice president of the bank, and Mr. Prentice prepared a draft on the Roxanna Petroleum Corporation for $8,000 and showed plaintiff where to sign and he signed it and left the lease, the draft, and abstract of the title in the bank; that Burr, the plaintiff's broker, stated that the agents were to have $300 for their commission, and Mr. Prentice prepared a check for that amount against plaintiff's account in his bank and plaintiff signed it; that the lease provided that the defendant bank should be the depository of funds coming to plaintiff from the lease; that the commission check was indorsed by the agents and paid by the bank about the 16th of August, 1920. That sometime after the lease was deposited in the bank an agent of the oil company called at the bank to inspect the lease, in company with Mr. Burr and in the absence of the plaintiff; the lease was shown to the oil company's agent and Mr. Brown, cashier of the bank told such agent that the price of the lease was $11,000; and the agent drew a draft on his company payable to plaintiff in the sum of $11,000 and took up the lease. The agent for the oil company told Mr. Brown that he suspected there was some crooked work being done about the lease. It seems that a certain lease buyer for the company was suspicioned of having arranged for some sort of take-off on the purchase

price. The draft for the $11,000 was subsequently paid into the bank; that when the draft was paid the defendant bank placed $8,000 to the credit of the plaintiff, and distributed the remaining $3,000 together with the agent's commission of $300, by paying to Burr $1,100, Bollong $1,100 and to parties undisclosed the sum of $1,100; that plaintiff never gave any direction to the defendant bank to so distribute the money paid into the bank for him, and knew nothing of the transaction had with the oil company about the lease further than that he had notice that the $8,000 had been placed in the bank to his credit. It seems that about that time the plaintiff went on a trip and was gone for several months; that on about January 25, 1921, the plaintiff first learned that the Roxanna company had paid $11,000 for his lease, and at about that time made demand upon the defendant bank for the additional $3,000, and the demand was refused and no part of it paid. These matters are not in dispute. The question then arises, was the undisputed proof sufficient to justify the direction in favor of the plaintiff and against the defendant bank? It is not seriously contended that the bank had the right to pay out plaintiff's funds in the manner that was done, unless upon authority given by the plaintiff. Nor is it contended that the plaintiff himself gave any such authority or direction. The contention made by the bank is that it paid out and distributed the money in the manner described at the direction of Burr and Bollong who were the agents of the plaintiff. Yet, there is no allegation in the answer that the money was paid out and distributed by the bank upon advice and direction given by the duly authorized agents of the plaintiff. The bank's answer to the petition was an unqualified general denial.

If the said agents had authority to give such direction, or if they were the general agents of the plaintiff in his business affairs, or if there was a question of fact as to whether they had such authority to direct the bank for and on behalf of the plaintiff in the distribution of the proceeds from the sale of plaintiff's lease, perhaps the direction given by the trial court was wrong. If the agents had no such authority, or if the proof was such that there was no question of fact for the jury's consideration as to whether they had such authority, the directed verdict and the judgment rendered thereon should be upheld.

In McDonald, Adm'r, v. Strawn, 78 Okla. 271, 190 Pac. 558, this court held that:

"It is incumbent upon a person dealing with an alleged agent to discover, at his peril, whether the assumed agency be general or special, that such pretended agent had authority, and that such authority is in its nature and extent sufficient to permit him to do the proposed act.

"The law itself makes no presumption of agency, and the burden of proving agency, including not only the fact of its existence, but its nature and extent rests ordinarily upon the party who alleged it."

In Midland Savings & Loan Co. v. Sutton et al., 30 Okla. 448, 120 Pac. 1007, this court held that:

"The authority of an agent to receive payment for his principal must be proved by the party making payment; but the proof need not be direct, it may be inferred from the circumstances of the case."

These authorities make it incumbent upon the defendant bank to make some proof of authority upon the part of the lease brokers to give directions as to the distribution of the proceeds of the sale of the plaintiff's oil and gas lease. The proof of agency went alone to the extent of showing that the brokers were plaintiff's agents to sell the oil and gas lease upon his land. They sold the lease and the plaintiff drew a check for their commission upon his account in the defendant bank. This is the sum total of the proof upon the question of agency. There is no statement of any witness, nor is there any circumstance presented that in any way indicates that the brokers were the general agents of the plaintiff in taking care of his business affairs, or that they had any control or authority over funds paid into the bank for plaintiff, or that they had any authority to receive any part of the proceeds of the sale of the oil and gas lease upon the plaintiff's land. That being the state of the record, there was nothing to go to the jury upon the question of the agency of the brokers.

We have examined all the assignments of error made and argued by the defendant, and conclude that there is no error in the record justifying or requiring a reversal of the judgment appealed from. We think the directed verdict complained of is amply supported by the undisputed evidence in the case and that the judgment thereon should be upheld; and therefore recommend that the judgment be affirmed.

By the Court: It is so ordered.