## DAVIS et al. v. MOSE.

No. 15575—Opinion Filed Sept. 15, 1925.

**1. Set-Off and Counterclaim—Money Paid Plaintiff by Mistake.**

Where the court makes special findings of fact, and finds that defendant has paid certain sums of money to plaintiff under mistake of fact, which defendant pleads as a counterclaim to plaintiff's claim, it is error not to give credit to the defendant for such amount, against a claim of plaintiff growing out of the same transaction.

**2. Appeal and Error—Reversal—Law Misapplied to Findings.**

Where the trial court makes findings of facts and the correctness thereof is not challenged, and the trial court misapplies the law, the cause will be reversed.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Action by Joseph Mose against E. D. Davis and A. L. Younger, doing business as Davis & Younger. Judgment for plaintiff, and defendants bring error. Reversed.

Sam Hooker, for plaintiffs in error.

E. E. Blake and Harry W. Worsham, for defendant in error.

Opinion by JONES, C. This suit was instituted in the district court of Oklahoma county by Joseph Mose, as plaintiff, the appellee here, against E. D. Davis and A. L. Younger, a copartnership, appellants, to recover the sum of $600 as gas rentals due on a certain gas well for a period of two years, and for $300 due plaintiff by defendants in lieu of drilling a well as an offset to what is known as the Allen Well for one year, and for the sum of $1,200 due in lieu of drilling a well as an offset to a well known as the Beggs well for a period of four years making a total of $2,100. The

defendants in their answer deny any liability, and, while admitting that they owe for two years' rental on what is known as the Mose well, aver that they have paid the plaintiff the sum of $600 by mistake of fact and plead it as a counterclaim to the amount due for rentals on the Mose well.

The facts, as we gather them from the record, show that in 1917, the appellants, Davis & Younger, secured an oil and gas lease from the appellee, Mose, on a tract of 120 acres of land, and at about the same time secured an oil and gas lease on a 40-acre tract adjoining the Mose land from Allen, and also secured an oil and gas lease on an 80-acre tract of land adjoining the Mose land from Beggs, and in the early part of 1918, pursuant to said agreement or lease contract with Mose, appellee, they drilled a well near the south line of the Mose tract, which produced gas in paying quantities, and being an offset to the Beggs tract of land, it became necessary, under the law and the rule and custom governing the development of oil and gas leases, that appellants drill an offset well on the Beggs tract; and it appears from the record that the appellants were more interested and anxious to produce oil than gas and they allege that they entered into an agreement with Mose, and also with the parties owning the fee in the Beggs tract, whereby it was agreed that the well due to be drilled on the Beggs tract should be drilled some 600 or 800 feet east of the Mose well, and a location south on the Beggs tract, and that same should be regarded as an offset well to the well drilled on the Mose tract. The Beggs well was a gaser. Immediately after the completion of the Beggs well, the appellants drilled on the 40-acre tract adjoining the Mose tract on the north, known as the Allen land, which also resulted in a gas well, which necessitated the drilling of an offset on the Mose tract on the north line; but the appellants and appellee entered into an agreement whereby the appellants were to pay the sum of $300 per annum. in lieu of drilling an offset well, which was the amount agreed to be paid under the terms of the contract for gas wells. Appellants paid the rentals on the gas well on the Mose tract of land for 1918 and 1919, and also paid the sum of $300 as offset money to Mose for the years of 1918 and 1919 on the offset to the Allen well, and also paid offset money on the Beggs well for the same period of time. The Allen well, as disclosed by the record, was cut in on the gas line in the early part of 1918, and was operated for a period

of less than two years; however, it is conceded that the sum of $300 as offset money was to be paid in advance, and hence the appellee, Mose, was entitled to and received two annual payments of $300 each, at which time the Allen well, having been disconnected from the pipe line and the use of same discontinued, there was no further necessity for payment on the offset, and it further appears thaat the Mose well had failed in production, and that the appellants released or annulled the lease under which they held this tract of land in 1920, and filed the release of record, but neglected to disconnect from the pipe line or to notify the appellee, Mose, or the gas line company of this action; and hence the gas line company continued to receive the gas and to pay appellants for same until in June, 1921, at which time the well was disconnected and plugged, and appellants admit that they did not pay the rentals due on this well for the last two years that same was operated and admit that same is now due, but plead that they are entitled to an offset or counterclaim by reason of the $600 paid as offset money to the Beggs well. This, of course, is denied by the appellee, plaintiff in the trial court, and the contention is made that it was agreed that he was to receive $300 per annum as offset money for the Beggs well.

On the trial of the case to the court without the intervention of a jury, the court returned judgment for plaintiff in the sum of $600, evidently upon the theory that the defendants, appellants here, were not entitled to recover money voluntarily paid under a mistake of fact.

The court made special findings of fact and conclusions of law, and the appellants prosecute this appeal and base their right to a reversal of the case largely on the 3rd assignment of error, to wit:

"That the judgment of the court is inconsistent with and contrary to the findings of fact as made by the court and the findings of fact thus made by the court do not support the judgment."

The court among other things, found that the agreement, as contended for by appellants, to the effect that the well drilled on the Beggs tract should be regarded as an offset to the well drilled on the Mose tract, was in fact made. The language of the court is as follows:

"This purported agreement was denied by the plaintiff, but the court finds from the evidence that such agreement was in fact made."

—and in the last paragraph of the 4th finding of fact, the court said:

"The court finds from the evidence that the defendant did not agree with plaintiff to pay plaintiff the sum of $300 a year in lieu of drilling an offset to the Beggs well, which is still producing gas."

Regardless of these findings the court rendered judgment as a conclusion of law for $600 with interest; $300 thereof at the rate of six per cent. per annum from the first day of June, 1920, and interest on the remaining $300 at the same rate from the first day of June, 1921. Evidently this was for gas rentals on the Mose well, which amount the plaintiff, Mose, was not entitled to. We are inclined to the opinion that the defendants, Davis & Younger, were entitled to plead as counterclaim the $600 paid by mistake of fact to the plaintiff as offset money to the Beggs well. which the court finds they did not agree to pay, and also found that the well drilled on the Beggs land was to be regarded as an offset well by all parties concerned to the well drilled on the Mose land. We are unable to harmonize the judgment rendered, or the conclusions of law reached, by the court with its findings of facts. There is sufficient evidence to sustain the findings of the court as to the agreement made that the well drilled on the Beggs land was to be regarded as an offset to the well on the Mose tract, and also sufficient evidence to sustain its findings that the appellants, Davis & Younger, did not agree to pay $300 per annum to the plaintiff, Mose, as offset money to a well which would have been a direct offset to the Beggs well. We think it a well-established rule of law in this jurisdiction, that money paid by mistake of fact or through error may be recovered, and we know of no rule of law and none is cited which would prevent parties entitled to recover money in the hands of another from pleading it as a counterclaim for a liability which grows out of the same transaction. Helm v. Mickleson, 66 Okla. 290, 170 Pac. 704; Commissioners v. Pollard, 250 Fed. 249; Cleveland Bank v. Board of Ed. City of Cleveland, 72 Okla. 144, 179 Pac. 464; and Kokomo Oil Co. v. Bell, 81 Okla. 247, 189 Pac. 326.

If the agreement was made, as contended by appellants and as found by the court, that the Beggs well as drilled was to be regarded as an offset to the well drilled on the Mose tract, then in fact Mose would not be entitled to a direct offset to the Beggs well, and in the absence of an agreement, and the court found there was none, they

certainly could not be held liable for off-set money in lieu of a well to the Beggs well; hence if their contention is true that the money paid to Mose, amounting to $600 as offset money to the Beggs well, and of which Davis, who seems to have been in charge of this particular business, shows that he had no knowledge until about the time of the institution of this suit, was clearly paid under a mistake of fact, appellants would be entitled to recover same by suit in assumpsit, or plead it as an offset or counterclaim to a liability due in favor of the appellee, Mose. No objections were made or exceptions taken by either party to the findings of fact made by the court, and under the rule heretofore announced by this court, they are binding upon all parties to the litigation.

In Re Hibdon's Estate, 78 Okla. 28, 188 Pac. 97, the following rule is announced:

"Where the trial court makes findings of facts and the correctness thereof is not challenged and the trial court misapplies the law, the cause will be reversed."

In the case of Rogers v. Harris, 76 Okla. 215, 184 Pac. 459, this court said:

"When findings of fact are incorporated in the case-made, the same may be considered in determining the correctness of the conclusion on which the judgment is based."

The findings of fact in the instant case are not challenged, and we find sufficient evidence to sustain same, and as we view it, the trial court was in error in the application of the law, if in fact appellants have paid to appellee the sum of $600 by mistake of fact, and which they were under no obligation to pay, which is the exact amount that the appellee would be entitled to recover under the most favorable aspect which might be given to this contention, which we think necessitates a reversal of the case, and we so recommend.

By the Court: It is so ordered.

Note.—See under (1) 30 Cyc. p. 1316: 34 Cyc. p. 682. (2) 4 C. J. p. 1166, § 3188.