Note:—See under (1) 28 Cyc. p. 201; 19 R. C. L. p. 733; 4 R. C. L. Supp. p. 1287. (2, 3) 28 Cyc. p. 201 (Anno). (4) 28 Cyc. p. 214.

---

## AVERY v. ABRAHAM.

No. 16132—Opinion Filed Feb. 9, 1926.

(Syllabus.)

**1. Money Received—Right of Action.**

An action will lie to recover a sum certain whenever one has the money of another which he in equity and good conscience has no right to retain.

**2. Appeal and Error—Review—Affirmance —Failure of Plaintiff's Evidence.**

In a case tried to the court, where a demurrer to the plaintiff's evidence is sustained, and it is apparent from an examination of the evidence that plaintiff wholly failed to prove his case, the judgment should be affirmed.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Action by C. F. Avery against Joe Abraham. Judgment for defendant, and plaintiff appeals. Affirmed.

Saunders & Emerick and Robert B. Keenan, for plaintiff in error.

Cheatham & Beaver, for defendant in error.

MASON, J. The plaintiff in error was plaintiff in the trial court and the defendant in error was defendant, and, for convenience, they will be referred to herein as they there appeared.

The plaintiff alleged that he was engaged in the brokerage business in Bristow and other places in the state of Oklahoma; that he maintained an office with telegraphic wires and market quotations, and that he was a member of the New Orleans Cotton Exchange. That during a period of time from October, 1919, to October 25, 1920, the defendant was engaged in buying and selling cotton for future delivery over the New Orleans Cotton Exchange; that the plaintiff acted as broker in conducting said transactions; that in said capacity plaintiff would transmit the money of defendant to H. & B. Beer, resident brokers of New Orleans, La., to execute the orders placed by defendant and with plaintiff on the exchange; that H. & B. Beer kept an account of the money transmitted by the plaintiff for the execution of said orders and would remit to said defendant when ordered to do so by the plaintiff. It is then alleged that on October 25, 1920, the plaintiff instructed H. & B. Beer to remit to the defendant whatever balance appeared to be due him by the plaintiff; that through an error and mistake of the bookkeeper the account was incorrectly posted and the plaintiff paid the defendant $2,000, when he was not indebted to defendant in any sum whatever. Plaintiff then prays for judgment for said amount with interest.

The defendant filed answer, consisting of a general denial and other defenses not involved in this appeal.

Upon agreement of the parties the case was tried to the court without a jury. At the close of the plaintiff's evidence, the court sustained defendant's demurrer thereto and dismissed the plaintiff's case, from which the plaintiff has perfected his appeal to this court.

For reversal, plaintiff in error contends that the trial court erred in sustaining defendant's demurrer and dismissing plaintiff's case.

We think there can be no question but that the petition stated a cause of action. It is a well-settled principle of law that if a party through mistake receives money to which he is not justly and legally entitled and which he should not in good conscience retain, the law regards him as a receiver and holder of the money for the use of the lawful owner and raises an implied promise on his part to pay the same, and on his failure to do so, the owner may maintain an action against him therefor. See Elliott on Contracts, sec. 1372.

In Brooks et al. v. Hinton State Bank, 26 Okla. 56, 110 Pac. 46, this court held:

"An action will lie to recover a sum certain whenever one has the money of another which he in equity and good conscience has no right to retain."

We therefore must ascertain whether or not plaintiff's evidence was sufficient to establish the mistake as pleaded.

The first witness for the plaintiff was William Herman Spirch, an accountant, but all his testimony was excluded by the court.

Mr. Anderson Richard was the next witness, and testified in substance that he was the bookkeeper in charge of the books of H. & B. Beer and the account with the defendant Abraham. He was then asked to examine a copy of the account which it was thought was annexed to the plaintiff's petition, and state if the account was correct. This was objected to as a conclusion, not the proper way to prove a mistake in an account, and for the reason that the witness was testifying from copies and not books of original entry. The objection was overruled, and the witness then testified that an item therein of September 7, 1920, was posted in the books of original entry as $5,327.58 and carried to the ledger account as $3,327.58, and that the posting in the ledger was an error, and that by reason thereof the defendant was paid $2,000 to which he was not entitled.

Mitchell A. Willem, a bookkeeper for H. & B. Beer, testified that during the month of September, 1920, he posted certain entries with regard to the account of C. F. Avery-Joe Abraham. He examined a copy of the statement of said account and testified that he made an entry on September 7, 1920, of $3,327.58 from the books of original entry. He also testified that the entry was incorrect and should have appeared as a debit to the Avery-Abraham account of $5,327.58. He further testified that the error was discovered during December, 1920, by their auditor after the account had been closed.

The plaintiff then testified in a general way as to how his accounts with H. & B. Beer were kept, but testified to nothing relative to the alleged mistake.

What purports to be a statement of the account of Joe Abraham was then introduced in evidence over the objection of defendant. It shows over 200 items dated from November 7, 1919, to October 25, 1920, which aggregate more than $125,000. The statement was not certified or verified by any one, although the witness testified with reference to it. The testimony indicates that it was attached to and made a part of the petition in the instant case, but the record discloses that this is not the case, but that it was a part of the petition in another case. We may concede, however, for the purpose of this appeal, that it had been copied from the books of H. & B. Beer, yet it was not admissible in evidence, inasmuch as no reason was given for failure to produce the books. Under the provisions of section 653, Comp. Stat. 1921, entries in books of account may be admitted in evidence when it is made to appear that such entries are correct and were made at or near the time of the transaction to which they relate. But the statement herein was nothing more than a copy of the various items. The rule is well settled that the original books of account must be produced or sufficient reason shown for failure to produce them. In Kasenberg et ux. v. Hartshorn, 30 Okla. 417, 120 Pac. 956, it was held reversible error to permit the introduction of a copy of the account as evidence, although the statements were offered by the bookkeeper who had made the original entries in the books from which the statements were copied. To the same effect, see Missouri, K. & T. Ry. Co. v. Davis, 24 Okla. 677, 104 Pac. 34, and Drumm-Flato Commission Co. v. R. C. Edmisson, 17 Okla. 344, 87 Pac. 311, 208 U. S. 534, 52 L. Ed. 606. We think the same rule would apply in proving a mistake in an account, as we are unable to see how a mistake in an account could be established without proving the account itself. To say that a mere statement of a bookkeeper that he had made a mistake in transferring an item from the books of original entry to the ledger was sufficient proof of a mistake would be a dangerous rule. Especially so, in the absence of a showing as to why the books were not presented.

The plaintiff had the burden of proving by competent evidence that a mistake of fact had been made. This should have been done by proof of the items upon which the settlement was had and by evidence of the facts and circumstances by which the original charges were made so as to show the difference, if any.

We are of the opinion that the plaintiff wholly failed to prove his case, and the judgment of the trial court is therefore affirmed.

All the Justices concur.

Note.—See under (1) 27 Cyc. p. 849. (2) 4 C. J. p. 1129 §3122.