## BLUE v. BOARD OF COM'RS OF GARVIN CO.

No. 11257—Opinion Filed May 10, 1921.

Rehearing Denied June 21, 1921.

(Syllabus.)

### Appeal and Error—Briefs—Citation of Authority.

A plausible, but not convincing, argument in the brief, unsupported by citation of authority, is not sufficient to overcome the presumption indulged by the Supreme Court in favor of the correctness of the judgment of the trial court.

Error from District Court, Garvin County; F. B. Swank, Judge.

Action by John Blue against the Board of Commissioners of Garvin County. Judgment for defendant, and plaintiff brings error. Affirmed.

John A. McClure and Albert Rennie, for plaintiff in error.

Monroe Osborn, Co. Atty., and Mac Q. Williamson, Asst. Co. Atty., for defendant in error.

McNEILL, J. This is an appeal from a judgment of the district court of Garvin county holding that the lands allotted to freedmen of the Chickasaws, by virtue of the provisions of the act of Congress of July 1, 1902, c. 1362, 32 Stat. 641, are subject to taxation. The district court held said lands were taxable, and from said judgment the plaintiff has appealed.

Plaintiff in error in his brief concedes that this identical question was decided adversely to him by this court in the case of Allen v. Trimmer, 45 Okla. 83, 144 Pac. 795, but urges that said appeal is taken in accordance with the suggestion of this court in the case of Farris v. Union Central Life Insurance Co., 72 Oklahoma, 179 Pac. 919. Counsel for plaintiff in error suggest that

his position is expressed in the dissenting opinion rendered in the former case of Allen v. Trimmer, supra. No authorities are cited to support the contention of plaintiff in error that the former opinion of this court is erroneous. Counsel for plaintiff in error concede there is a difference between the status of the Choctaw freedman, which was the question involved in the case of Farris v. Union Central Life Insurance Co., supra, and the status of the Chickasaw freedman, in this, to wit: That when the grant was made to the Choctaws, the negroes had been admitted to tribal membership, but the Chickasaw freedmen were not. This is a very important question in the case, and was discussed in the opinion in the case of Allen v. Trimmer, supra. No authorities are cited by plaintiff in error to support the contention that the former opinion of this court is erroneous, and this court in a long line of decisions has stated:

"A plausible, but not convincing, argument in the brief, unsupported by citation of authority, is not sufficient to overcome the presumption indulged by the Supreme Court in favor of the correctness of the judgment of the trial court." Arbuckle Min. & Mill. Co. v. Beard, 56 Okla. 144, 155 Pac. 1138.

This court does not feel bound to brief the case for plaintiff in error and defendant in error both, and then write the opinion. Defendant in error has filed no brief, and the plaintiff in error's brief simply calls the court's attention to the dissenting opinion and the statement of this court in the opinion dealing with the Choctaw freedmen that the court had some doubt as to the correctness of the judgment in the case of Allen v. Trimmer, supra. This is not sufficient to overcome the presumption that the judgment of the trial court is correct.

For the reasons stated, the judgment of the district court is affirmed.

HARRISON, C. J., and PITCHFORD, ELTING, and NICHOLSON, JJ., concur.