## HUFF v. OKLAHOMA STATE BANK et al.

No. 10842—Opinion Filed July 11, 1922.

(Syllabus.)

1. **Banks and Banking —Deposits—Claims of Third Person — Opportunity to Assert.**

Where money is deposited in a bank to the credit of one person, and thereafter the bank receives notice that it is claimed by another, the bank upon proper notice is bound to hold the deposit a sufficient length of time. to afford such person opportunity to assert his claim, and if the party has a reasonable time allowed him for the purpose of asserting his claim, and fails to do so, the bank may pay the deposit to the depositor without any liability to the adverse claimant.

2. **Same —. "Reasonable Time to Assert Claim"—Question for Jury.**

The general rule is that what is a reasonable time for a person to assert his claim is a mixed question of law and fact, which under proper instruction should be submitted to the jury.

3. **Same — Claim by Wife to Husband's Deposit—Laches—Estoppel.**

When a wife knowingly permits her husband to deposit her money in the bank to his credit, and thereafter notifies the bank of her claim, and the bank holds the money a reasonable time in order for her to assert her rights, and she fails to assert them within a reasonable time, the grounds of estoppel will apply to her the same as any other individual.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by Laura J. Huff against the Oklahoma State Bank and another, seeking to recover amount of bank deposit. Judgment for defendant in error Oklahoma State Bank. Affirmed.

Wimbish & Duncan, for plaintiff in error.

King & Crawford and B. H. Epperson, for defendant in error Oklahoma State Bank.

McNEILL, J. This action was commenced in the district court of Pontotoc county by Laura J. Huff against John Huff for divorce, and the Oklahoma State Bank was joined as defendant, the plaintiff seeking to recover $850 deposited in the bank in the name of John Huff, alleging it was the money of plaintiff, and that the plaintiff notified the bank not to pay out said money and the bank disregarded said notice and permitted the same to be withdrawn by Huff; and prayed judgment against the

bank for said amount. The defendant bank filed its answer, and denied it had any money belonging to plaintiff deposited in the name of John Huff, and alleged that there was certain money in the bank, and after the bank received notice of the claim of plaintiff it held the same for a reasonable time in order that plaintiff might file garnishment, or take other proceedings to restrain Huff from withdrawing the same, but the plaintiff refused to take any steps to prevent the bank from paying said money to Huff, and that she was estopped by her negligence in not taking the proper steps to protect herself. The case was submitted to the jury, and the jury returned a verdict in favor of the defendant and against the plaintiff. From the said judgment the plaintiff has appealed.

The facts are substantially as follows: That the plaintiff and John Huff were husband and wife, and in June, 1917, certain money was deposited in the bank by John Huff to his credit. The plaintiff and her husband separated, and on the 9th day of July, 1917, the plaintiff and her attorney served written notice upon the bank that plaintiff claimed the money in the name of John Huff and ordered the bank not to pay the same to John Huff. The evidence is conflicting as to what was said; it being contended by the bank that plaintiff and her attorney were advised by the bank that the money would be held a reasonable time or as long as possible in order to permit her to bring garnishment proceedings or obtain a restraining order to prevent it from paying out said fund. A few days after service of the notice on the bank, its president, at the request of Huff, called on Mrs. Huff, asking her to sign a release, which she refused. The bank held the funds until the 18th day of July—the plaintiff had taken no steps to obtain said money—when John Huff and his attorney came and presented a check to the bank and demanded the money, which was paid by the bank. On the 20th day of July, plaintiff commenced her divorce proceeding and had a restraining order issued against the bank paying the money.

For reversal it is contended that the court erred in refusing to instruct the jury to return a verdict in favor of plaintiff and against the defendant. We think there was no error in this refusal. In this jurisdiction, when a party deposits funds in a bank, the relation of debtor and creditor exists between the bank and the depositor. In regard to money deposited in the bank in the name of one person and claimed by a third party, the general rule appears to be as follows:

"The law presumes that a deposit belongs to the person in whose name it is entered, and the bank cannot question his right thereto, and may lawfully pay it out on his order. * * * If a deposit is claimed by a person other than the depositor who forbids the bank from paying it to any person other than himself, the bank may be held liable for a disregard of such notice in case the claim is substantiated. * * * However, the bank cannot be required to hold the money beyond a reasonable time in order for the claimant to assert his rights, and if he fails to assert them within such time, he is estopped." See 7 C. J. 639, 640.

In the case of Drumm-Flato Commission Co. v. Gerlack Bank, 92 Mo. App. 326, it is stated:

"Where a bank receives money as the property of A., and before payment acquires notice of B.'s claim thereto, it cannot be required to hold said money beyond a reasonable time for B. to protect his rights; and if he does not assert his rights within such time, he will be estopped. What is a reasonable time is a question for the jury." See Drumm-Flato Commission Co. v. Gerlack Bank, 81 S. W. 503.

The evidence in the case disclosed that the bank held the money for nine days after receiving the notice of the plaintiff. Whether this was a reasonable time was a question for the jury, and there was no error in overruling the motion to instruct a verdict for plaintiff.

It is next contended that the court erred in the giving of certain instructions. The principal objection is made to instruction No. 5, where the court advised the jury that, in determining whether the plaintiff acted within a reasonable time or not, they should take into consideration all the circumstances of the case, and that the plaintiff would have a reasonable length of time to determine her rights in the matter, but no more, and it was her duty to determine her rights in the matter to protect her property by suit. We think there was no error in the giving of this instruction. The instruction, when considered with the other instructions, we think fairly submitted the case to the jury.

The plaintiff requested the court to advise the jury that they should take into consideration plaintiff's business experience in determining whether she acted within a reasonable time. We think there was no error in refusing this instruction, because there was no evidence regarding her business experience. Further, at the time she

served the notice on the bank, she was acting upon the advice of her lawyer, who was present representing her and advising her of her rights.

It is next contended that the ground of estoppel or laches does not apply to a wife in a transaction between husband and wife. This may be true, but this is a transaction with a third party, and the rule in 16 Cyc. 777, is stated as follows:

"A wife who knowingly permits her husband to deal with her property as his own will be estopped to assert her ownership against persons who have dealt with the husband in reliance on his apparent ownership or authority."

There are no authorities cited to support any of the other assignments of error, and therefore they will not be considered by the court. Blue v. Board of County Com'rs of Garvin Co., 82 Okla. 178, 198 Pac. 850.

For the reasons stated the judgment of the court is affirmed.

JOHNSON, MILLER, ELTING, KENNAMER, and NICHOLSON, JJ., concur.