## MELTON v. HUNNICUTT.

No. 11010—Opinion Filed March 27, 1923.

(Syllabus.)

**Appeal and Error — Review — Questions of Fact—Verdict.**

In a civil action triable to the jury, where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court, or its ruling on law questions presented during the trial, the verdict and finding of the jury will not be disturbed on appeal.

Error from District Court, Johnston County; J. H. Linebaugh, Judge.

Action by G. A. Melton against F. L. Hunnicutt for purchase price of partnership business. Judgment for defendant, and plaintiff brings error. Affirmed.

Cornelius Hardy, for plaintiff in error.

Ratliff & Ratliff, for defendant in error.

JOHNSON, C. J. This is an appeal from the district court of Johnston county; Honorable J. H. Linebaugh, Judge.

On February 1, 1918, the plaintiff in error, G. A. Melton, as plaintiff, commenced an action against the defendant in error, F. L. Hunnicutt, as defendant, to recover the sum of $6,470, with interest thereon from that date at the rate of 4 per cent. per annum, alleged to be due plaintiff for the purchase price of the partnership business formerly conducted by plaintiff and defendant.

The plaintiff alleged, in substance, that on March 12, 1910, the date of the transaction, that the parties were engaged in the mercantile business in the town of Milburn, said county, and were stockholders in the First State Bank of Milburn, that the plaintiff was vice president and the defendant was president; that the parties entered into a contract, partly written and partly oral, by which the plaintiff sold defendant an undivided one-half interest in all of said business for $8,500. That the defendant made, executed, and delivered to plaintiff his promissory notes for $8,500 as follows: One note dated March 12, 1910, for $2,000, due January 2, 1911, with 4 per cent. interest per annum from date until paid; one note dated March 12, 1910, for $2,000, due January 2, 1912, with 4 per cent. interest per annum from date until paid; one note dated March 12, 1910, for $2,000 due January 2, 1913,

with 4 per cent. interest per annum from date until paid; and one note dated March 12, 1910, for $2,500 due January 2, 1914, with 4 per cent. interest per annum from date until paid. That at the time of making said contract of sale and purchase and the execution and delivery of said notes, and as part and parcel of said contract, it was agreed that plaintiff should continue to transact his banking business as a customer of the defendant's bank; use his influence to procure business for defendant's bank; deposit said notes in defendant's bank for safe-keeping; that defendant should pay interest on said notes and keep them alive as a valid and legal obligation, and that plaintiff would not press or demand payment of said notes until defendant was able, ready and willing to pay same, and that said notes, if not paid prior to the maturity thereof, should not be barred by the statute of limitations. That on the 25th day of July, 1910, the plaintiff and defendant entered into a contract by the terms of which defendant was to make, execute, and deliver to plaintiff warranty deed conveying to plaintiff the title to 75 feet of the southeast corner of lot 3, block 27, of the town of Milburn, for a consideration of $3,500, and said $3,500 was to be applied as a credit and payment upon the first notes of defendant, due and payable to plaintiff, of said $8,500; defendant was to execute said deeds, have them recorded and retained and kept free for safe-keeping in the bank of defendant; that pursuant to the terms of said agreement defendant made, executed, and had recorded warranty deed to 50 feet of lot 3, block 27, excepting the east 25 feet front by 50 feet deep, which was known as bank corner, and procured to be executed by the First State Bank of Milburn, of which defendant was a stockholder and president thereof, a warranty deed conveying to plaintiff 25 feet by 50 feet of the southeast corner of lot 3, block 27, of the incorporated town of Milburn, and had said deeds recorded; that both deeds were placed by defendant in the First State Bank, Milburn, for safe-keeping; that plaintiff and defendant had been engaged in business in the confidential relation of partners, and plaintiff reposed great trust and confidence in defendant and trusted defendant to execute said deeds according to contract: and trusted defendant with the safe-keeping of said notes and deeds and other papers relating to plaintiff's business, and frequently sought the advice and assistance of defendant in the transaction of other business of plaintiff's, but that defendant, contrary to said agreement, falsely and fraudulently and without the knowledge and consent of plaintiff inserted in said deeds as the total consideration thereof the sum of $4,300; that defendant is entitled to a credit of $2,000 upon the note due January 2, 1911, and a credit of $1,500 upon the note due January 2, 1912, leaving a balance due on said note of $500, with interest thereon; that defendant neglected, failed, and refused to pay the interest due upon said notes as agreed, and at the same time, unknown to plaintiff, and while defendant had said notes in his custody and control for safe-keeping, and without the knowledge or consent of plaintiff, stamped said notes paid with an old, unused, and undated bank stamp; that plaintiff did not know that defendant was not keeping the interest paid on said notes, and did not know defendant had marked said notes paid for the reason defendant concealed facts from plaintiff and plaintiff did not discover said facts until on or about January 1, 1918, when plaintiff demanded of defendant payment of said notes; that said notes were in the possession of defendant, and plaintiff could not attach copies, and demanded inspection or would introduce secondary evidence; that plaintiff had demanded of defendant payment of said notes, and defendant had neglected, refused, and failed to pay same; that there is now due on said notes the sum of $6,470, for which plaintiff prays judgment with 4 per cent. interest from February, 1918, until paid, together with all costs.

On February 28, 1918, the defendant in error filed a demurrer to plaintiff's petition, which demurrer was general and special; the demurrer setting up that the petition showed on its face that all transactions complained of, and notes sued on, had been barred by the statutes of limitation. The demurrer was by the court overruled, and exceptions saved. On the 20th day of November, 1918, the defendant in error filed his answer, in which he pleaded and set up, first, a general denial, except as to those matters thereafter expressly admitted. The defendant admitted that on the first day of November, 1910, he entered into a contract with the plaintiff in error, G. A. Melton, whereby he purchased the plaintiff's interest in the mercantile establishment and the plaintiff's interest in the First State Bank of Milburn, Okla., but denied that any part of said contract was oral. The defendant expressly denied that he, on the first day of November, 1910, executed notes to the plaintiff in the amount of $8,500, but admitted that he delivered notes to said plaintiff in the sum

of $6,500, and paid him at said time and place a check in the sum of $2,000 as cash payment. The defendant in error alleged that on the 25th day of July, 1910, the plaintiff purchased from defendant and from the First State Bank of Milburn, Okla., all buildings and appurtenances thereon attached, and alleged that the amount in consideration for said transaction was $4,300, as set forth in said deed. The defendant further answers that he fully paid plaintiff the full amount due to him by virtue of the above transaction set out, and the above described notes.

To said answer plaintiff filed his reply, by denying each material allegation set up in defendant's answer, and upon the issues so formed by the pleadings, the case was tried.

The matter was submitted to a jury, and the jury, on the 12th day of May, 1919, returned a verdict for the defendant. The plaintiff filed a timely motion for a new trial, which was overruled by the court and exceptions saved. The court rendered judgment for the defendant.

The plaintiff's assignments of error are:

"(1) The trial court erred in admitting over the objection and exception of plaintiff, illegal and improper evidence of the agency of W. R. McBride.

"(2) The trial court erred in admitting irrelevant, incompetent, and illegal testimony offered by defendant over the objection and exception of plaintiff, relating to the books of the bank, same not being the original books of entry.

"(3) That trial court erred in overruling plaintiff's motion to direct the jury to return a verdict for the plaintiff.

"(4) That the verdict is not sustained by sufficient evidence.

"(5) That the verdict is contrary to the law.

"(6) Errors of law occurring at the trial and excepted to by plaintiff at the time.

"(7) Overruling plaintiff's motion for new trial."

And counsel says in his brief that "in presenting the assignments of error they will be grouped, and Nos. 3, 4, 5, 6, and 7 will be considered together."

Under the title "Proposition," counsel stated in his brief as follows:

"The verdict was contrary to the evidence and the law, and the court should have sustained motion to direct for plaintiff, and, failing to do so, should have sustained plaintiff's motion for a new trial.

"It it easier to consider and understand the case when you have before you the typewritten transcript of the evidence than when you are depending upon recollection of oral testimony upon a hotly contested trial.

"On page 38 the trial court, in ruling upon the admissibility of evidence, remarked: 'It seems to have been a mixed up transaction. Well, Mr. McBride is not a party to the suit, just go ahead.'

"The court and jury both appeared to be mixed up on the transaction, and did not seem to understand the case on account of its complications, and failure to understand the testimony was the reason for the verdict and judgment. * * *

"There was a request for the court to instruct on agency, payment, and accord and satisfaction, and a demurrer to the evidence, and motion to direct verdict, but no record appears in the case-made. The omission was not discovered until the beginning of preparation of brief, as the case-made was prepared by court reporter and attorney for plaintiff in error presumed the records would appear in the transcript of the reporter's notes. The reporter cannot now find such records in his shorthand notes of the case."

The remainder of counsel's brief is devoted to a discussion of the defendant's evidence and the alleged error of the court in failing to give an instruction on the doctrine of agency as applied to the testimony of the cashier of the bank, McBride. The evidence of the plaintiff and defendant was in conflict.

As we have seen from the allegations of the plaintiff, his cause of action was to recover a money judgment upon a contract of sale to the defendant of the plaintiff's interest in their partnership business for the sum of $8,500. The plaintiff alleged that the defendant had failed to pay the sum of $6,470, for which he asked judgment. The defendant answered, admitting the contract, and pleaded payment at the contract price. The court instructed the jury upon both the plaintiff's and defendant's theory of the case. In paragraph one of the instructions he clearly defined the issues, copying in such paragraph the allegations of the parties in reference thereto. In paragraph 2 of his instructions the court clearly instructed on the plaintiff's theory, telling the jury that they would find for the plaintiff whatever amount they found from the evidence had not been paid, not exceeding the sum sued for. In the third paragraph of his instructions the

court submitted the defendant's theory, telling the jury that if as a result of the transaction the jury found that the indebtedness had been fully discharged according to the terms of the agreement, the jury should return a verdict for the defendant.

The record discloses that no exceptions were taken to the instructions of the court as given nor any requested instruction tendered, and counsel for plaintiff admits as much in his brief.

We find that the instructions of the court clearly submitted both theories of the parties to the jury. The verdict was in favor of the defendant. The testimony of the defendant tended strongly to support the verdict of the jury. This court is without authority to disturb the verdict of the jury, the rule being, as frequently announced by this court, that:

"Where the evidence is conflicting, the verdict of the jury will not be disturbed if there is any evidence reasonably tending to support the same." Stewart v. Riddle, 76 Okla. 70, 184 Pac. 443; Bass v. City of Atoka, 76 Okla. 58, 184 Pac. 573; Hays v. Azbill, 76 Okla. 313, 184 Pac. 945; Lusk v. Bandy, 76 Okla. 108, 184 Pac. 144.

Counsel next complains of the court's action in admitting, over the objections of counsel, the books of the bank in evidence. There is no merit in this contention. The facts brought this case clearly within the provision of section 653, Comp. Stat. 1921, which reads:

"Entries in books of account may be admitted in evidence, when it is made to appear by the oath of the person who made the entries, that such entries are correct, and were made at or near the time of the transaction to which they relate or upon proof of the handwriting of the person who made the entries, in case of his death or absence from the county, or upon proof that the same were made in the usual course of business."

We find the trial court committed no error in this respect.

Under these circumstances, the judgment of the trial court must be affirmed, and it is so ordered.

KANE, KENNAMER, NICHOLSON, COCHRAN, and BRANSON, JJ., concur.