## RUSCH v. CITIZENS' STATE BANK OF OKEENE.

No. 11532—Opinion Filed June 26, 1923.

1. **Appeal and Error — Review—Conflicting Evidence—Verdict.**

When the evidence is conflicting the verdict of the jury will not be disturbed if there is any evidence reasonably tending to support the same.

2. **Appeal and Error — Brief — Citation of Authorities.**

A plausible, but not convincing, argument in the brief, unsupported by citation of authorities, is not sufficient to overturn the presumption indulged by the Supreme Court in favor of the correctness of the judgment of the trial court.

3. **Bills and Notes — Action on Note — Instructions.**

Instruction of the court examined, and held to fairly cover the issues made by the pleadings and evidence, and no error affecting a substantial right was committed in the court's instructions.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Blaine County; Jas. R. Tolbert, Judge.

Action by Citizens' State Bank against David Rusch on a promissory note. Judgment for plaintiff, and defendant brings error. Affirmed.

Seymour Foose and R. C. Brown, for plaintiff in error.

J. P. Wishard, for defendant in error.

Opinion by PINKHAM, C. This was an action brought by the defendant in error, the Citizens' State Bank, plaintiff in the court below, against the plaintiff in error, David Rusch, defendant in the court below, upon a promissory note for $1,350, dated November 18, 1910. The parties will be referred to in this appeal as in the trial court.

The defendant, in his answer to plaintiff's petition, admitted the execution and delivery of the note and alleged as a defense thereto that at the time he executed the note he did so as surety for the principal, Adam Schuber, and that it was expressly

agreed and understood at the time between the representatives of the plaintiff in the transaction and the defendants, that one H. J. Schuber was also to sign said note as surety, and that the note was not to be delivered to, and become the property of the plaintiff bank, and to be a valid and existing obligation against the defendant until the said H. J. Schuber also signed the note. That H. J. Schuber never signed said note and that this defendant is not liable thereon.

Defendant also alleged that he signed the note sued on by reason of the false and fraudulent representations of the bank that the land belonging to Adam Schuber, on which he gave a mortgage to the bank, was subject only to one prior mortgage for $2,000 when it was also subject to another mortgage to one Fisher for $949.45.

To this answer of the defendant the plaintiff filed a reply in which it denied all the allegations of the defendant as to H. J. Schuber signing said note.

It also denied any fraud on the part of its agents in connection therewith and charged that the defendant David Rusch and Adam Schuber were friends and acted together in said transaction, and that the defendant signed said note freely and voluntarily as surety for said Adam Schuber, without being induced to do so by its agents or representatives.

At the close of the evidence the court instructed the jury, whereupon they retired to deliberate upon their verdict. The jury returned into court on several occasions and reported that they were unable to agree. On one of the occasions the jury requested the testimony of a witness on a certain point read, which was done. Whereupon the jury again retired to further deliberate upon their verdict. Thereafter, on the same day, September 10, 1919, the jury returned into court and were further instructed by the court. Thereafter, on September 11, 1919, the jury was again conducted into open court and in the presence of counsel for each of the parties, the court gave two additional instructious, numbered "B." and "C," which instructions were excepted to at the time by the defendant. The jury then again retired to further deliberate upon their verdict. On the said day, September 11, 1919, the jury returned into open court a verdict for the plaintiff and against the defendant, and fixed the amount of plaintiff's recovery at $1,350, with interest thereon at ten per cent per annum from the 5th day of May, 1911, to date.

Thereafter defendant filed his motion for new trial, which was overruled by the court

and exceptions saved, and the cause comes on regularly on appeal to this court.

For reversal of this case the defendant complains of the action of the court in giving the additional instructions "B" and "C" and directs attention to the circumstances under which these additional instructions were given.

It appears from an examination of this record that in the first instance Adam Schuber, the defendant in this case, David Rusch, and one J. H. Schuber executed and delivered a promissory note to plaintiff bank for $994.45. Adam Schuber being a principal and the defendant, David Rusch, and J. H. Schuber sureties. After this $994.45 note became due the bank took a renewal note for $1,500 for this $994.45 note and another indebtedness of Adam Schuber, which renewal note was signed by Adam Schuber and David Rusch only, and which was secured by a second mortgage on the land of Adam Schuber. After the maturity of this renewal note for $1,500 at the request of both Rusch and Schuber, the bank accepted a part payment in cash and a renewal note for the sum of $1,350, which is the note sued upon in this case, and which was signed by Adam Schuber, the principal, and David Rusch as surety, the defendant herein, and was secured by a mortgage on the land mentioned and was subject to a first mortgage for $2,000 to the Boardman Land and Loan Company.

Adam Schuber having died, the plaintiff bank brought this action to foreclose the last mortgage, and for judgment against the defendant Rusch on the last note of $1,350.

The defense relied upon in the trial of the case was based on the allegations of the false and fraudulent representations by the bank that the land belonging to Adam Schuber, on which he gave a mortgage to the bank, was subject only to one prior mortgage for $2,000 to the Boardman Land and Loan Company, when it was also subject to another mortgage to one Fisher for $949.75.

A further defense was that the note for $1,350 sued upon in this action was given under an agreement that it would also be signed by J. H. Schuber, as additional security.

This is a second trial of this case It was before this court once before, having been duly appealed and an opinion rendered thereon in Citizens' State Bank of Okeene v. Cressler, 69 Okla. 68, 170 Pac. 230. It is said in the opinion in that case:

"When the record in this case is carefully examined, it will be found that the evidence merely shows that the principal . debtor, Adam Schuber, and his surety, David Rusch, appeared at the bank seeking a renewal of a $1,500 note signed by the principal and surety and secured by a second mortgage on the land of Schuber. The evidence shows that the day before Schuber had given a mortgage to one Fisher on the land which was not filed for record until the morning of the day on which the renewal was obtained. There is no evidence that either the bank or Rusch had knowledge of the Fisher mortgage when it negotiated the renewal note and mortgage of November 18, 1910, and there is no evidence that the bank made any false representation of any kind in the transaction relating to the giving of the renewal note and mortgage. It follows, therefore, that if there was any fraud on the part of the bank, it was not in making any false representations, but in failing to know of the Fisher mortgage and in failing to notify the surety thereof.

"The defendant, Rusch, having pleaded fraud, had the burden of proving it. Owen v. United States Surety Co., 38 Okla. 123, 131 Pac. 1091.

"Was the bank chargeable with fraud in failing to know of the Fisher mortgage, and in failing to notify Rusch thereof? Assuming that Schuber, the principal debtor, was guilty of fraud on his surety in failing to notify him of the Fisher mortgage, this fact is not sufficient to charge the bank with fraud. This court following the rule laid down by nearly all of the American courts has held that the surety under such circumstances is not relieved of liability unless the creditor also had knowledge of the fraud and failed to reveal the same to the surety."

It appears in the record that counsel for defendant requested the court to submit to the jury the issues on the defense of the defendant based on the claim of false representations made by the officers at the bank at the time the $1,350 note was executed in relation to prior mortgages of record against the land, and also the defense based on the claim of negligence on the part of the bank in releasing its $1,500 mortgage on the land and permitting the mortgage of Fisher to become a prior lien of record to the bank's lien.

The record shows that the court stated in answer to such request of the defendant that it was of the opinion that there was no evidence that the bank, if it made the representations, had any knowledge at the time, that the mortgage was against the land.

The record discloses that David Rusch and Adam Schuber were personal friends and that the land included in the two suc- cessive mortgages given by Schuber to the bank was mortgaged by him to Fisher on the day before the renewal mortgage was given the bank. It was recorded at the hour of 7:10 o'clock a. m. on the day that Adam Schuber and David Rusch gave to the bank the note sued upon in this case.

It is sufficient to say that the record fails to disclose any evidence that the plaintiff bank made any false representations of any kind or character in the transaction relative to the giving of the renewal note and mortgage.

On the question of whether this $1,350 note was not to become final until the same had been signed by H. J. Schuber, the court submitted that question of fact in its instruction No. 3 to the jury, as follows:

"You are instructed that the maker or maker and surety of a promissory note may deliver the same to the payee subject to conditions, which conditions if not performed, will render the note an incomplete contract and prevent its taking effect; and, in this connection, you are instructed that if you find and believe from a preponderance of the evidence that the note sued upon in this action was made and signed by Adam Schuber and David Rusch, and delivered to the plaintiff, the Citizens State Bank of Okeene, upon the condition and understanding among said parties that said note was not to become final until the same had been signed by H. J. Schuber, and that said note was not signed by H. J. Schuber, then said note did not become a final and complete contract and the defendant, David Rusch, would not be liable thereon."

Instruction No. B, as given by the court is as follows:

"You are instructed that a surety on a promissory note is not relieved from his liability, although he is induced by fraud of the principal maker of this note to sign the same, and in this case, if you find and believe that the defendant, David Rusch, signed the note herein sued upon, as surety, for Adam Schuber, and at the time of the signing said note the said Adam Schuber stated certain real estate by him mortgaged to secure said note was unincumbered except for a prior mortgage to the Boardman Land & Loan Company, and that the defendant Rusch, relied upon said statements and believed said land to be clear except for said mortgage to the Boardman Land & Loan Company, and that it afterwards developed that said land was further mortgaged to J. C. Fisher as a lien prior to the mortgage of the plaintiff bank, the defendant would still be liable upon said note."

There being evidence in the case to the effect that at the time defendant signed the note as surety for Adam Schuber, Schuber

stated that certain real estate by him mortgaged to secure said note was unincumbered except for a prior mortgage to the Boardman Land & Loan Company, and that the defendant Rusch relied upon said statement, and that it afterwards developed that there was a further mortgage to one Fisher as a lien prior to the mortgage of the plaintiff bank, the court did not err in giving instruction "B". In 8 Corpus Juris, it is said:

"Fraud of the maker in inducing a person to indorse a note before delivering is no defense as against the holder." Citing Newman v. Pellevin, 125 La. 67, 51 South. 10.

Instruction No. "C", given by the court is as follows:

"You are instructed that although you may find and believe from the evidence that the note herein sued upon was signed by the defendant, David Rusch, as surety for Adam Schuber, and delivered upon condition that the same was not to be final and a complete contract until said note had been signed by H. J. Schuber, still if you further find and believe from the evidence that subsequent to the delivery of said note upon condition the plaintiff bank treated said note as a final and complete contract and the defendant Rusch knew that said bank was holding and treating said note as a final contract and dealt with said bank in regard to said note as if the said note was a final and complete contract between said parties and that said bank was thereby induced to alter its position to its detriment by delivering up the note formerly held by it and releasing its mortgage to secure said former note, then and in that event the defendant would be estopped to deny his liability upon said note and the plaintiff would be entitled to judgment upon the note herein sued upon."

It is contended by counsel for defendant in their brief that these three instructions numbered, 3, B, and C, were misleading and confusing. We cannot agree with that contention. Instruction No. 3 submitted the entire question of whether the bank officers had agreed to hold this $1,350 note signed by Schuber as principal and the defendant as surety, until another signer to the note had been secured. That was a simple question of fact submitted to the jury, and the jury's verdict involved a finding that no such agreement had been made. There being ample evidence to sustain the jury's verdict, it will not be disturbed here. Melton v. Hunnicutt, 89 Okla. 91, 213 Pac. 879. Instructions B and C were based upon testimony found in the record of the case.

The final complaint made by counsel for defendant in their brief is the action of the court in giving the additional instructions "B" and "C", after the jury had been deliberating two days before these instructions were given, and if we understand defendant's contention, it is not that the additional instructions were in and of themselves incorrect statements of the law applicable to the facts, but that they were given at an inopportune time, constituting an unwarranted pressure on the jury to agree upon a verdict, and that if the said additional instructions had not been given at that particular time the jury would not have agreed upon a verdict.

No authorities are cited in support of this proposition, and we are not impressed with the suggestion that the action of the court in giving these additional instructions at the time that they were given in any manner was prejudicial to the rights of the defendant.

In the case of Cox v. Butts, 48 Okla. 147, 149 Pac. 1090, it is said in the 4th paragraph of the syllabus:

"In briefing cases for the consideration of this court, counsel should cite authorities to support their contention, and a brief that does not cite authorities that sustain the argument set out therein is generally of little or no value or assistance to the court."

"A plausible, but not convincing, argument in the brief, unsupported by citation of authority, is not sufficient to overcome the presumption indulged by the Supreme Court in favor of the correctness of the judgment of the trial court." Arbuckle Mining Co. v. Beard, 56 Okla. 144, 155 Pac. 1138; Blue v. Board, 82 Okla. 178, 198 Pac. 850.

There are well-considered precedents sustaining the action of the court in giving the additional instructions complained of, in the circumstances surrounding the case at the time they were given.

"The court may exercise a wide discretion in the matter of charging the jury, and may of its own motion recall the jury and give them additional instructions, or give such instructions when they return to court and report that they are unable to reach an agreement.

"It has been held that the court may exercise this power, even though the jury say they do not want any further instructions.***" 38 Cyc. 1849.

The instructions, taken all together, fairly stated the issues to the jury and were applicable to the facts in the case. No reversible error being found, we think the case should be affirmed.

By the Court: It is so ordered.