Lloyd SANDERS, Individually, and as Trustee for Sanders Oil Company, a co-partnership, and Tom G. Sanders and Bessie Sanders, Owners of said co-partnership, Plaintiffs in Error,

v.

FIRST NATIONAL BANK AND TRUST COMPANY OF TULSA, Oklahoma, a corporation, Defendants in Error.

No. 35976.

Supreme Court of Oklahoma.

Dec. 20, 1955.

Welcome D. Pierson, Oklahoma City, for *plaintiffs in error.*

John M. Winters, Jr., Hess Crossland, James R. Ryan, Tulsa, for defendants in error.

PER CURIAM.

The parties occupy the same relative position as in the trial court and will be referred to herein as they there appeared.

This litigation arises out of an alleged fraud committed by Jack McDonald in obtaining from the Deep Rock Oil Company checks in payment of certain impounded monies and thereafter reducing same to cashier's checks payable to McDonald and his wife, Irene McDonald, issued by defendant bank and payments made thereon by said bank.

From order of the trial court sustaining defendant's demurrer to plaintiffs' amended petition, plaintiffs appeal.

The amended petition may be summarized as follows: The plaintiffs for several years and at the time of the matters alleged in the amended petition were engaged in the oil producing business. The defendant, First National Bank and Trust Company, is a corporation engaged in the banking business in the City of Tulsa, Oklahoma.

The petition alleges: "That during the year 1948, Jack A. McDonald sold plaintiffs certain oil and gas leases located in Hughes County, Oklahoma, which leases were producing oil; that title to said leases was involved in litigation pending in the District Court of Hughes County; that by reason of such pending litigation the assignments from Jack A. McDonald were not placed of record; that Deep Rock Oil Company was receiving the runs of oil produced from said leases and by reason of the litigation was impounding the monies accruing from the running of said oil, and was holding same in trust for future delivery to the rightful parties; that said oil company was both orally and in writing notified of the ownership and interest of plaintiffs in said leases; that on September 28, 1950, there had accumulated in the hands of said oil company the sum of $22,968.17 which belonged to plaintiffs; that on said September 28, 1950, the said Jack A. McDonald by some means unknown to plaintiffs secured a check or checks from said oil company in the amount of $22,946.15, representing these accumulated funds and instead of delivering same to plaintiffs converted them to his own use by going to the defendant bank on October 3, 1950, and having the Deep Rock checks converted into some cash, and cashier's checks, in the following denominations and payees, to wit:

| Date | No. | Payee | Amount |
|---|---|---|---|
| 10-3-50 | C328756 | Jack A. McDonald | $ 2,000.00 |
| 10-3-50 | C328757 | Jack A. McDonald | 3,000.00 |
| 10-3-50 | C328758 | Irene McDonald | 5,000.00 |
| 10-3-50 | C328759 | Jack A. McDonald | 5,000.00 |
| 10-3-50 | C328763 | Jack A. McDonald | 600.00 |
| 10-3-50 | C328764 | Jack A. McDonald | 6,000.00 |

that after securing said cashier's checks Jack A. McDonald, at various times and places as shown by the indorsements on said checks, cashed same, secured the money thereon and appropriated it to his own use; that the McDonalds have absconded and their whereabouts are unknown to plaintiffs; that plaintiffs discovered the fraud perpetrated on them by Jack A. McDonald on October 10, 1950, and thereafter on October 11, 1950, through their then attorney and their office manager had a conference with the officers of defendant bank and notified said bank of such fraud; that on October 13, 1950, the plaintiff, Lloyd Sanders, filed Cause No. 81269-2 in the District Court of Tulsa County, Oklahoma; that in this action the plaintiff sought a restraining order against the defendant bank, Jack A. McDonald and Irene McDonald, restraining the bank from honoring the checks and restraining the McDonalds from cashing said checks. On said date a copy of the petition in said cause together with a restraining order was served on said bank; that summons was on said date also issued to defendant bank and defendants, the McDonalds; that said summons and restraining order issued to McDonalds was returned by the sheriff of Tulsa County, Oklahoma, on October 14, 1950, showing not found; that on October 14, 1950, on application of defendant bank the district court of Tulsa county in said Cause No. 81269-2 entered its order vacating the restraining order in so far as it restrained the defendant bank from honoring said checks, and in said order set the matter for further hearing for October 19, 1950; that on said date the court refused to issue a temporary injunction against the defendant bank restraining it from honoring and cashing said checks, but entered a second order

restraining the McDonalds from presenting the checks for payment; that on November 17, 1950, in said Cause No. 81269–2, District Court of Tulsa County, entered its order sustaining the demurrer of the defendant bank to the petition of plaintiff. None of the orders issued in Cause No. 81269–2 were appealed from."

The petition further alleges: "that defendant bank with full knowledge of the trust character of the funds represented by said checks, with full knowledge of the interest of plaintiffs in said funds, with full knowledge that the said McDonalds had converted said trust funds into said cashier's checks, with full knowledge that said McDonalds were enjoined from presenting said cashier's checks for payment and in disregard of all said information, honored, cashed and paid said cashier's checks". Such is the preface of plaintiff's amended petition.

Plaintiffs then attempt to set out their petition into six separate causes of action by taking up each of the six cashier's checks issued by the defendant bank to the McDonalds as a separate cause of action and stating that, by reason of its payment by defendant bank on a certain day, plaintiff has sustained loss and damage equal to the amount thereof; and thereafter in the prayer of their petition pray for interest on the total amount of $21,600.00 from October 11, 1950.

The sole question before this court is as follows. "Does plaintiffs' amended petition state facts sufficient to state a cause of action against the defendant bank?"

■ Plaintiffs contend that upon their giving notice to the defendant bank that they claimed the funds represented by the cashier's checks issued to McDonalds a duty was created as between them and the defendant bank, and that said bank became liable to them when it disregarded plaintiffs' claim and cashed or honored said checks. They cite in support of their contention, Brooks v. Hinton State Bank, 26 Okl. 56, 110 P. 46, 30 L.R.A.,N.S., 807; Duncan v. Anderson, 120 Okl. 194, 250 P. 1018; Epperson v. First State Bank, 168 Okl. 171, 32

P.2d 283; Huff v. Oklahoma State Bank, 87 Okl. 7, 207 P. 963; and numerous cases from other jurisdictions. None of the Oklahoma cases cited except the Huff case apply to the factual situation involved in the case at bar. We note that prior to 1937 it seems to have been the rule in Oklahoma that, "Where a deposit in a bank was claimed by a person other than the depositor forbidding the bank to pay it to any other person than himself, such bank might become liable upon payment of such deposit in disregard of such notice, provided it had failed to withhold payment for a sufficient length of time to afford the claimant an opportunity to assert his claim in court." Such was the rule laid down in the Huff case, supra. However, our legislature recognizing the precarious position in which banks were placed, when an adverse claim was made by a third party to funds such as involved in the instant case, saw fit in 1937 to pass a statute to protect banks in such cases, Title 6 Okl.Stats.Ann. § 118v. This statute provides in substance that when a third party gives notice to a bank of an adverse claim to a deposit, the bank does not have to recognize such claim until it is directed to do so by proper court order or unless a proper indemnifying bond is furnished to the bank. Under this statute it is made the duty of the adverse claimant to procure a restraining order, injunction or other appropriate process against the bank from a court of competent jurisdiction in a cause therein instituted by him wherein the person to whose credit the deposit stands is made a party and served with summons or shall in lieu thereof execute to said bank, in form and with sureties acceptable to it, a bond indemnifying said bank from any and all liability, loss, damage, costs and expenses, for and on account of the payment of such adverse claim or dishonor of the check or other order of the person to whose credit the deposit stands.

■ The instant case is one of first impression to come before this court upon the question herein involved since the enactment of the above referred to statute. It seems quite clear to us that one of the pur-

poses of this statute was to eliminate the uncertainty inherent in the rule announced in Huff v. Oklahoma State Bank, supra, and by its enactment lay down the procedure necessary to be taken by an adverse claimant to assert his claim, thereby affording protection to both banks and their depositors from unreasonable interference with their relationships, rights and obligations by the claim of strangers.

Plaintiffs contend in their brief that the bank in the instant case should have adopted a more passive course, that it should not have gone into court and resisted their efforts to restrain or enjoin it from paying the cashier's checks. With this contention we cannot agree. Plaintiffs proper procedure was set out for them by statute. This they did not follow. No service was had upon the McDonalds, the holders of the cashier's checks as payees. No indemnifying bond was ever made to defendant bank. The allegations of the petition do not show a fiduciary relationship existing as between the plaintiffs and the McDonalds, and in any event no affidavit as to facts constituting such a relationship was made to appear by the affidavit of plaintiffs. Further, no requests for review or appeals were taken by plaintiffs from the orders issued by the lower court in Cause No. 81269–2. The claim of the plaintiffs was made to defendant bank on October 11, 1950; they instituted action for restraining order on October 13, 1950; such bank was restrained as of that date, but said restraining order was vacated on October 14, 1950, temporary injunction as against the defendant bank was by the lower court refused. No appeal was taken. This cause was instituted approximately two years thereafter.

 Under the circumstances the plaintiffs' petition does not state facts sufficient to constitute a cause of action against the defendant bank.

The judgment of the lower court is affirmed.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner REED and approved by Commissioners CRAWFORD and NEASE, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.