**Robert S. GOLDSTEIN, Appellant,**

v.

**The RIGGS NATIONAL BANK, Appellee.**

**No. 71–1953.**

United States Court of Appeals, District of Columbia Circuit.

Decided Feb. 11, 1972.

Petition for Reconsideration Denied April 3, 1972.

---

**1162**

Mr. Thomas M. O'Malley, Washington, D. C., was on the pleadings for appellant.

Mr. James A. Hourihan, Washington, D. C., was on the pleadings for appellee.

Before McGOWAN and WILKEY, Circuit Judges.

PER CURIAM:

■ This appeal presents a question of statutory interpretation concerning 26 D.C.Code 203 (1967) [1] which is the statute designed to protect banks from the dilemma in which they are otherwise placed when they receive a notice that a party other than the depositor has a claim to the money on deposit adverse to the person in whose name the account stands. Appellant Goldstein had a bank account in his name with The Riggs National Bank, the appellee. Riggs received a notice from Goldstein Enterprises, Inc., that the money in the account belonged to it, that appellant was a trustee of the funds, and that Goldstein Enterprises, Inc., believed the money would be misappropriated. The bank thereafter refused to honor the checks drawn by appellant on the account, and appellant instituted a suit for breach of contract and slander of credit in the District Court. The bank promptly filed, as an independent suit, an action of interpleader, naming as defendants appellant Goldstein, Goldstein Enterprises, Inc., and as well as second adverse claimant, the African Continental Bank Ltd., seeking to adjudicate the question of the rightful owner of the money. The District Court in the instant case granted summary judgment for the bank and appellant appealed. This appeal

---

1. § 26–203. Notice of adverse claim to deposit.

Notice to any bank or trust company doing business in the District of Columbia of an adverse claim to a deposit standing on its books to the credit of any person shall not be effectual to cause said bank or trust company to recognize said adverse claimant unless said adverse claimant shall also either (1) procure a restraining order, injunction, or other appropriate process against said bank or trust company from a court of competent jurisdiction, in a cause therein instituted by him wherein the person to whose credit the deposit stands is made a party and served with summons; or (2) execute to such bank or trust company, in form and with sureties acceptable to it, a bond indemnifying said bank or trust company from any and all liability, loss, damage, costs, and expenses, for and on account of the payment of such adverse claim or the dishonor of the check or other order of the person to whose credit the deposit stands on the books of said bank or trust company: *Provided*, That this section shall not apply to any instance where the person to whose credit the deposit stands is a fiduciary for such adverse claimant, and the facts constituting such relationship, together with the facts showing reasonable cause of belief on the part of the said claimant that the said fiduciary is about to misappropriate said deposit, are made to appear by the affidavit of such claimant.

came on for consideration of appellant's motion for summary reversal and appellee's motion for summary affirmance. We grant the motion for summary affirmance.[2]

■ The case turns on whether 26 D.C.Code 203 applies to Riggs in the situation presented here. Specifically, the proviso in the statute provides that a bank shall recognize an adverse claim "where the person to whose credit a deposit stands is a fiduciary for such adverse claimant, and the facts constituting such relation, together with the facts showing reasonable cause of belief on the part of said claimant that the said fiduciary is about to misappropriate said deposit, are made to appear by the affidavit of such claimant." Appellant contends that the proviso is applicable only with respect to accounts that *appear on their face* as fiduciary accounts.

■ The statute, which is in substance the model statute proposed by the American Bankers Association, was designed to afford protection to a bank in those circumstances where it is subject to two conflicting claims. If the bank continued to honor checks drawn on an account after it received a notice of adverse claim, it would be subject to possible liability to the adverse claimant, since the notice would constitute actual knowledge under the Uniform Fiduciary Act, 21 D.C.Code 1701–12 (1967), that the fiduciary was committing a breach of his obligation. *Cf.,* Colby v. Riggs National Bank, 67 U.S.App.D.C. 259, 92 F.2d 183 (1937). A statute designed to remove a bank from the precarious situation of being vulnerable to a law suit whichever course of action it took must cast its protection as broad as the possible liability. By filing the interpleader, the bank took prompt action to secure an adjudication of the conflicting claims.[3] To have required the bank to guess at its peril which of the claimants would eventually prevail with respect to the money would be to inject into the banking business a degree of uncertainty which Congress tried to remove when enacting the statute.

The result we reach rests as well on a comparison of the language of the statute with that of the next following section of the D.C.Code. 26 D.C.Code 204 speaks of "a deposit . . . which is *in form* in trust for another . . ." (emphasis added). If Congress intended the protection afforded by the proviso in 26 D.C.Code 203 to be confined to those situations where the account was in fiduciary form, it would have used the language that appears in section 204. We summarily affirm the order of the District Court granting summary judgment for appellee.

So ordered.

2. A party who seeks summary disposition of an appeal must demonstrate that the merits of the claim are so clear as to warrant expeditious action. *See* United States v. Allen, 133 U.S.App.D.C. 84, 408 F.2d 1287 (1969). Since we feel that further briefing or argument would not be helpful, and since both parties have filed motions for summary action, we have decided the merits of this appeal on the papers before us.

3. The majority rule in effect, absent a statute such as 26 D.C.Code 203, is that the bank is justified in freezing an account after a notice of adverse claim only for a reasonable period so as to allow the adverse claimant to institute a lawsuit. *See* Gender v. Sibley State Bank, 62 F.Supp. 805 (N.D.Iowa 1945). The filing of the interpleader by the bank served the same purpose here as an independent suit filed by the adverse claimants.